## Kidd v. Commonwealth.

(Decided October 5, 1923.)

## Appeal from Whitley Circuit Court.

1. Intoxicating Liquors—Evidence Sufficient to Sustain Conviction for Unlawful Possession.—Evidence held sufficient to sustain a conviction for unlawful possession of intoxicating liquor, notwith-standing defendant's testimony that it was in his room without his knowledge or consent.

2. Criminal Law—Search Warrant, Not Part of Record, Presumed Sufficient.—Where the record shows that, in the cross-examination of witnesses for the Commonwealth, defendant's counsel introduced a search warrant as evidence in the cause, but it was not made a part of the record, either by an order of the court or by the bill of exceptions, it will be presumed that it was sufficient, and that the trial court properly so determined.

3. Criminal Law—Burden on Defendant to Show Search Warrant Supported by Improper Affidavit.—If a search warrant is valid on its face, the burden is on defendant to show that it was issued on an improper affidavit.

4. Criminal Law—Matters copied in Transcript Held Not Considered as Part of Record.—Documents or papers copied in the transcript by the clerk, purporting to be an affidavit and search warrant, could not be considered on appeal, where not legally identified, or properly made a part of the record under any rule of prevailing practice.

B. B. SNYDER for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant, Everett Kidd, was tried in the police court of Corbin, Kentucky, on a warrant issued by that court charging him with the offense of unlawfully having in his possession intoxicating liquors. He was convicted and prosecuted an appeal to the Whitley circuit court, where he was again convicted, and from the judgment rendered on the verdict of the jury he prosecuted this appeal.

In the language of his attorney, reliance is had for reversal "mainly on the ground that the evidence was not sufficient to convict him and that the court erred in over-ruling defendant's motion for a directed verdict at the close of the evidence offered by the Commonwealth." As we construe the brief, it is the contention of counsel (a), that the evidence for the Commonwealth, if competent,

was insufficient to sustain the conviction, but (b), that the evidence was incompetent because obtained under a search warrant illegally issued.

Taking up contention (a), the evidence was that two policemen of the city of Corbin requested one Joe Earls to procure for them some whiskey and that they shadowed him on his mission for that purpose and saw him go to a certain boarding house in the city and into a room therein which was occupied by defendant as a lodging room from which he soon returned with the whiskey in a fruit jar; that while he was in the room the policemen, who were sufficiently near for the purpose, heard something drop and break, which sounded like a bottle or some glass vessel. Within thirty or forty minutes they procured a search warrant to search that house and when they went into the room defendant was occupying a bed therein and they found a broken fruit jar upon the floor and a lid to it, a funnel with some whiskey in the lid, and a number of other fruit jars containing small quantities of whiskey, some of which were sitting on the floor while others were located in other parts of the room, and they likewise found some jars in a shelf or pantry adjoining that room and which opened into it. The building was operated as a boarding house by the father of Earls, and the particular room searched was the one occupied by the defendant as a boarder and from which Earls procured the whiskey. There was also evidence of the reputation of defendant as a dealer, possessor and handler of intoxicating liquors.

Defendant testified that he went into the room and retired after Joe Earls procured the whiskey for the policemen and before the search was made and that he did not discover or know that the jars or any of their contents were in the room nor could he explain why the funnel was there, and stated that Earls or some one else brought the whiskey into his room without his knowledge or consent. From this brief statement of the substance of the evidence it is perfectly apparent that if it was competent it was sufficient to authorize the verdict of guilty, since the jury had the right to disregard defendant's explanation of the presence of the whiskey in his room and to decline to accept it as the absolute truth of the matter.

Considerable latitude of argument is indulged in in the discussion of point (b), but under the condition of the record it will be unnecessary to attempt to answer it.

The record shows that in the cross-examination of the witnesses for the Commonwealth defendant's counsel introduced the search warrant as evidence in the cause, but it is nowhere made a part of the record either by an order of court or by the bill of exceptions, in which event we will presume that it was sufficient to measure up to the requirements of the law and that the court properly so determined.

We have held in numerous cases that if the search warrant was valid on its face the burden was upon defendant to show that it was issued upon an improper affidavit. The affidavit in this case was neither introduced nor offered as evidence and under the ruling referred to the question of its sufficiency or insufficiency is not presented. It is true that the clerk has copied in the transcript two documents or papers, one purporting to be an affidavit of two persons and the other one a search warrant; but the fact remains that neither of them is legally identified or properly made a part of the record under any rule of prevailing practice, and it is conceded by counsel that the affidavit is not a part of the record since he refers to it as having been "copied into the record for some purpose." We assume that he concluded the warrant was properly in the record because he introduced it and that the affidavit was not so because it was not introduced.

Besides the testimony for the Commonwealth which we have narrated, there were other facts and circumstances pointing to the defendant's guilt, which we think the evidence in its entirety fully sustains, and under the condition of the record we find no ground for reversing the judgment, and it is accordingly affirmed.