### Claunch v. Commonwealth.

(Decided September 28, 1926.)

Appeal from Mercer Circuit Court.

1.  Searches and Seizures—Affidavit for Search Warrant Stating Certain Property had been Stolen from Road Camp and that Defendant was There, Shortly Before Theft, Examining Such Property, Held to Justify Warrant.—Affidavit for search warrant to search

defendant's premises, stating that certain property had been stolen from road camp and that defendant was there, shortly before theft, examining such property, held to ustify issuing of warrant, though it also stated that "affiant believes and had reasonable grounds to believe" that defendant had stolen property, which is not laone sufficient.

2. Larceny—Evidence Identifying Stolen Tools and Container of Oil and Gasoline Held Sufficient to Take Case to Jury, and to Support Conviction for Petit Larceny.—Where tools and gasoline, oils, and container were stolen, evidence as to identification of container and tools found on defendant's premises as those stolen held sufficient to take case to jury, and to support conviction for petit larceny.

ERROL DRAFFEN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Claunch, insists that the judgment in this case should be reversed for the following reasons: (a) Insufficiency of the affidavit upon which the search warrant was issued and the evidence obtained; and (b) there was not sufficient identification of the property found under the search warrant with that stolen from Mercer county of which theft apppellant was charged, to sustain the indictment. He was convicted of petit larceny and his punishment fixed at eight months in the county jail. Briefly, the facts are these: Mercer county maintained a construction crew for highway work and had a camp on a certain county road. At that camp it had, among other things, machinery, tools, gasoline and oil. On Friday evening, the 3rd of July, the work was adjourned over until the following Monday. While the men were absent a large quantity of gasoline was taken from the tank at the road camp and a smaller quantity of engine oil was carried way. A container and some wrenches were also missing. The loss was not discovered until Monday and there was no evidence that showed just when the theft was committed. On Monday an affidavit was filed with the county judge for a search warrant to search the premises of appellant, Claunch. A search was made and much of the property, at least property of like description, was found in or near his barn hidden under hay. The affidavit is assailed as insufficient to support

the search warrant, and if that be true then practically all the evidence for the Commonwealth heard at the trial would be incompetent. The affidavit states that "Affiant believes and had reasonable grounds to believe" that the stolen property of the county was on the premises of appellant, giving the nature and value of the stuff. The affidavit then proceeds: "The grounds and foundation and belief of affiant are that said goods were taken from the camp of said road crew last Friday night and that Friday evening; a few hours before said goods were taken. John Claunch. Orville Devine and Oscar Bailey were at said camp and were seen to examine said barrels out of which said gasoline and oil were taken by turning the faucets of said barrels: these fellows were all in the same car that evening and the same car that they were in was seen near the camp from which the oil was taken in the night Friday night and the skeeter car was seen near the place where the oil was taken."

The location of the Claunch premises is also set forth in the affidavit. Appellant insists that the affidavit only presents the "belief" of the affiant but does not state facts sufficient to constitute probable cause for the issual of a search warrant.

The fact of the theft is stated in the affidavit and the nature and quantity of the goods were also set forth with particularity. We have held that an affidavit, in order to be sufficient to support a search warrant, must state facts and not beliefs or conclusions. The facts stated must be sufficient to produce in the mind of a reasonable person the belief that the accused has in his possession the thing sought to be found by the search. The statement that the witness swearing to the affidavit believes or has reasonable grounds to believe that he has in his possession the thing sought to be found by the search warrant, is not alone sufficient to justify the issual of a search warrant. Taylor v. Commonwealth, 198 Ky. 728. In the instant case the affidavit contains the statement that the property of the county had been stolen from the road camp on a certain night and that appellant and two other persons were at the camp a short time before the theft, examining the gasoline and oil barrels and turning the faucets; that these same persons were seen in a car together at or near the place where the goods were stolen about the time the theft was committed. These facts, it seems to the court, were sufficient to induce the belief in the mind of a reasonable

person that appellant, Claunch, had taken the goods sought to be found and to justify the issual of the search warrant. In other words, the facts presented constitute probable cause for the issual of the search warrant. That being true, the warrant was properly issued and the evidence obtained under it was competent at the trial. This ground of complaint was not, therefore, well taken.

Appellant's contention that the property found on his premises was not sufficiently identified with that stolen from the county is equally without merit, for the witnesses for the Commonwealth testified that one of the containers of oil or gasoline found on the premises of appellant with gasoline or oil in it was that stolen from the county, and that certain tools found hidden upon appellant's premises were those stolen from the county. Of course, the witness could not identify the gasoline or oil. The evidence heard was sufficient, it would seem, to identify the container in which the oil or gasoline was found as that belonging to the county. Certainly there was enough evidence to warrant the submission of the case to the jury and a return of the verdict upon which the judgment complained of is based. We perceive no sound reason for disturbing the judgment, and it is affirmed.

Judgment affirmed.