## Strong v. Commonwealth.

May 16, 1944.

Jas. C. Carter, Jr., for appellant.

Eldon S. Dummit, Attorney General, and Marvin J. Sternberg, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellant was indicted for feloniously breaking and entering a cellar, a part of the dwelling house of J. R. Colson, with intent to steal, and stealing. KRS 433.180. He was found guilty and sentenced to four years' confinement in the Reformatory. In motion for a new trial he set up five or more grounds in support, but it is now argued that the court erroneously and prejudicially permitted certain testimony in relation to a search warrant to go to the jury, because the affidavit upon which the warrant issued was insufficient. Secondly, that minus the testimony obtained by the search, the evidence, purely circumstantial, was totally insufficient to uphold a verdict of guilty. That this being true the court should have directed a favorable verdict.

The evidence, in substance, is that Mrs. Colson and Mrs. Jackson lived in the same home. They had canned a quantity of fruit and stored it in the Colson cellar, along with vegetables of different sorts. The proof shows that the cellar was kept locked, and shortly after April 9, 1943, it was discovered that some one had brok-

en and entered the cellar and taken thirty cans of fruit and some potatoes belonging to Mrs. Colson, and thirty cans of fruit belonging to Mrs. Jackson.

The 9th of April was on Friday; on the Sunday following a witness testified that he saw appellant go up the road and into a patch of woods, and later saw him come out and go to his home across the fields, not by the direct way by road, carrying a sack. This fact was told to Mr. Jackson, and he and others went into the thicket and found several sacks filled with canned fruit. A deputy sheriff testified that they found nineteen cans of fruit in the woods, and two full and four empty cans in appellant's home, all of which he identified. Mrs. Jackson and Mrs. Colson, by some mark and a comparison of the recovered cans with some from their stock, identified several as having been taken from the cellar.

The officers who went to the home of appellant on Monday following the breaking, testified that they had a search warrant when they went to the home of appellant, which was read to him. Appellant did not testify. He introduced in his behalf his wife and mother. The former admitted that the officers had recovered some canned goods from the home, but said they were some that appellant's mother had sent to her son on Sunday, the day before appellant was arrested, two days after the loss of the Colson-Jackson canned fruit. She said the cans sent by the mother were three quarts and three half gallons of peaches; she was able to identify the quarts, but not the half gallons.

The mother testified that she had sent the son three half gallons and three quarts of peaches; she identified the three quarts, but was not able to say that the gallon cans were the ones sent by her, since "all canned peaches look alike." A sister of defendant corroborated the mother as to sending the canned fruit, but could not identify that found in the home or in the woods as being the same or a part of which her mother had furnished. The Commonwealth introduced several witnesses who testified that the reputation for veracity of both the wife and mother was bad.

With the proof of the officers, who found the cans of fruit in the thicket, and in the home of appellant, there is little in the argument that appellant was entitled to an instruction to find him not guilty. The argu-

ment is that with the seized cans of fruit taken from the home out of the case, which permitted Mrs. Colson and Mrs. Jackson to identify a part of it, there was not enough proof to take the case to the jury, or to sustain the verdict.

Appellant contends that the warrant was based on an affidavit which was indefinite and uncertain, and only stated beliefs without statements of facts sufficient to support issuance of the warrant. We might summarily dismiss the contention made. The burden of establishing invalidity of the warrant was on the defendant, if the warrant was valid on its face. He did not introduce or demand the production of the supporting affidavit. The affidavit does appear in the transcript, but without filing order or any showing as to how it became a part.

The failure to introduce the documents or incorporate them into the record, or refer to them in the bill of exceptions, justifies the court in not giving the contention consideration. Terrell v. Com., 196 Ky. 288, 244 S. W. 703; Kidd v. Com., 200 Ky. 356, 254 S. W. 1057. Nevertheless, we have taken the trouble to examine the copy in the transcript and express the opinion that it was sufficient in every respect to require the issuance of the search warrant. The facts were stated with sufficient accuracy in description of the goods, the place where they might be found, and the good-faith reasons for believing that a theft had been committed by the appellant. It meets the constitutional requirements as defined in Price v. Com., 195 Ky. 711, 243 S. W. 297; Claunch v. Com., 215 Ky. 700, 286 S. W. 1052; and Jackson v. Com., 214 Ky. 166, 282 S. W. 1058.

While the proof was circumstantial it appears to have been a pretty strong chain. This court is not authorized to, nor has it ever reversed a judgment merely because the evidence was circumstantial. The rule is that any evidence, although slight or circumstantial which goes toward the establishment of guilt, is sufficient to carry the case to the jury and to sustain a conviction unless it appears to this court that it is so flagrantly against the evidence as to shock the conscience or lead to a belief that the verdict was the result of prejudice on the part of the jury. Hightower v. Com., 286 Ky. 561, 564, 151 S. W. 2d 39. Such is not the case here, according to our view, upon consideration of the whole record.

Judgment affirmed.