**Robert Eugene FOWLER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 10, 1956.

As Modified on Denial of Rehearing June 15, 1956.

M. C. Redwine, Jr., Redwine & Redwine, Winchester, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STEWART, Judge.

This appeal involves the validity of an indictment and the correctness of the instructions based upon it. Appellant, Robert Eugene Fowler, was charged with the offense of dwelling-house breaking with the intent to steal property of value therefrom, in violation of KRS 433.180, and at a trial he was convicted and given two years in the penitentiary.

A demurrer was filed to the indictment on the theory that the offense consists of two acts, both of which must be proven: (1) The felonious breaking into the house and (2) the felonious taking away of some-

thing of value therefrom. It is contended the absence of the second averment from the indictment rendered it fatal.

Prior to 1942, Section 1162 of Kentucky Statutes (now KRS 433.180) insofar as it was applicable to dwelling-house breaking read: "If any person shall * * * feloniously break any dwelling house or any part thereof, or any out-house belonging to or used with any dwelling house, and feloniously take away anything of value, although the owner or any person may not be there, he shall be confined in the penitentiary not less than two nor more than ten years."

In 1942, this same language was amended so that it now reads: "If any person shall * * * feloniously break any dwelling house or any part thereof, or any outhouse belonging to or used with any dwelling house, with intent to steal, or shall feloniously take therefrom or destroy any goods, wares or other thing of value although the owner or any person may not be there, he shall be confined in the penitentiary for not less than two nor more than ten years." (Emphasis ours in each quotation.)

We believe it is obvious that the Legislature, in substituting "or" in the newer statute for "and" in the older, intended to declare the actual stealing of personal property in dwelling-house breaking an alternative offense. The statute also specifies that the destruction in addition to the removal of such property may be an element of the crime, but the important change was replacing "and" with "or", and this clearly means actual stealing, aside from a felonious breaking, was also defined as an offense under KRS 433.180 as amended.

KRS 433.190 deals with storehouse breaking, among other crimes, and in that statute, as in the one in controversy, the breaking with intent to steal part of the statute and the portion pertaining to the taking therefrom of property of value are separated by the disjunctive "or". We have consistently held that under KRS 433.190 an offense can be made either out of breaking or out of taking. Unquestionably the

Legislature in replacing "and" with "or" when amending KRS 433.180 in 1942 intended the latter statute to accomplish the same result as KRS 433.190 where, if breaking and taking are involved, each is to be considered a different offense. See Embrey v. Commonwealth, Ky., 240 S.W.2d 534.

Most of the cases cited by appellant in his brief to sustain his contention were decided by this Court prior to the effective date of the 1942 amendment. It is argued that Rains v. Commonwealth, 293 Ky. 429, 169 S.W.2d 41, upholds appellant's view and that this case was decided in 1943. It is true this opinion was handed down in 1943, but the record (not the opinion) discloses Rains was indicted February 24, 1942, prior to the effective date of the amendment of KRS 433.180, which was June 1, 1942, and this fact would tie the offense to the older statute.

Other cases relied upon for reversal are Wilson v. Commonwealth, 303 Ky. 219, 197 S.W.2d 240; Broughton v. Commonwealth, 303 Ky. 18, 196 S.W.2d 890, 893; and Strong v. Commonwealth, 297 Ky. 591, 180 S.W.2d 560. In the Broughton case, which was decided in 1946 and which involved storehouse breaking, this Court indicated "the gravamen of the offense described in KRS 433.180 is the taking of property," but we regard this statement as pure dictum because it was a gratuitous expression of opinion as to the purported meaning of KRS 433.180 that had no relevancy to any question raised in that appeal. In the Wilson and Strong cases, both of which concerned dwelling house breaking charges and which were decided since KRS 433.180 was amended, there is some language that appellant avidly seizes upon as bearing out his contention that one offense only is embraced by the statute under discussion. However, neither of those cases turned on the issue involved in this appeal. As a matter of fact, the question raised here with respect to the substitution of the disjunctive for the conjunctive has not heretofore been presented, and it seems to us the proper interpretation of KRS 433.180 as amended is that the offense of breaking and taking are separate crimes for the reasons heretofore shown.

Since we have held that the indictment was sufficient, it follows that the instructions were proper because they followed substantially the language of the indictment.

Wherefore, the judgment is affirmed.