Case 44—DESCENT AND DISTRIBUTION—April 15.

# Wilson v. Parson's Administrator.

### APPEAL FROM CARLISLE CIRCUIT COURT.

Descent and Distribution—Infant's Exempt Property.—Upon the death of an infant whose estate consists of the proceeds of the sale of personal property and rent of the homestead which had been set apart to the joint support of the deceased infant and her brother, also an infant, the said proceeds and rent go to the surviving brother, and not to the administrator of the deceased infant.

(No brief on file for the appellant.)

J. D. WHITE & SON and W. RAY MOSS for appellees.

The personal representative of the deceased infant has the right to collect and take charge of the dead infant's personal property. Roberts' Admr. v. Eales, 10 Ky. Law Rep., 360.

CHIEF JUSTICE HAZELRIGG delivered the opinion of the court.

Upon the death of an infant whose estate consists solely of the proceeds of the sale of personal property, and rent of the homestead which had been set apart for the joint support of the deceased infant and her brother, also an infant, the said proceeds and rent go to the surviving brother, and not to the administrator, of the deceased infant. Under our statute, the same property is set apart for the support of a single infant as is set apart for the

support of a number of them; and the property so set apart is for the support of the infant or infants, as the case may be, and for the support and use of the survivors of them. Whether there is one or a number of infants, the law contemplates that the exempt property is not more than is necessary for such support, and it is contemplated that the property will be consumed by the uses to which it is dedicated.

Appellant, as guardian of the surviving infant, therefore, and not the appellee, as administrator of the deceased infant, is entitled to the fund in contest herein.

Judgment reversed, to the end that it may be so adjudged.

JUDGE WHITE NOT SITTING.