## Crouch v. Commonwealth.

(Decided March 13, 1931.)

J. L. VALLANDINGHAM for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Reversing.

Appellant was indicted for the offense of giving intoxicating liquor to Gladys Kinmon. There was a verdict of guilty, and his punishment was fixed at a fine

of $300 and imprisonment in the county jail for the period of sixty days. The motion for a new trial set up as grounds therefor the refusal of the court to admit competent evidence in behalf of appellant, the admission of incompetent evidence over the objection of appellant, the failure to properly instruct the jury, that the verdict was flagrantly against the evidence, and that the verdict was contrary to law.

Gladys Kinmon and her sister, now Mrs. Mabel Kinmon Johnson, were the two witnesses for the commonwealth who testified to the commission of the offense. They each testified that appellant took them in his automobile and drove them to Glencoe in company with Kermit Yancey, and that, as they were driving along, appellant obtained from a receptacle in his automobile a pint bottle containing red moonshine whisky, and that he gave to each of them a drink from the bottle. Appellant denied that he had any whisky, or saw any, or that he gave either of them a drink of whisky, and he was corroborated in his statement by the young man, Yancey, who was also with them at the time. They all were riding in the front seat of a small automobile, appellant doing the driving.

The complaint about the admission of incompetent evidence relates to the evidence offered in rebuttal. While the two prosecuting witnesses mentioned were testifying, and when their mother and father were testifying about collateral matters, they were each asked if, on certain occasions and in the presence of certain witnesses, they had stated, in effect, that, if they did not ''get'' the appellant in one court, they would ''get'' him in another. They each denied the making of such statement. It appears that there had been other trials in which the parties were involved as witnesses, or parties, and it was claimed that the statement had been made at the conclusion of another trial and had been repeated by members of the Kinmon family. After the denial that the statement had been made, appellant placed on the witness stand a large number of witnesses who testified that they had heard the members of the Kinmon family make the statement. At the conclusion of the testimony offered by appellant, and over the objections of appellant, each of the Kinmons was placed on the witness stand and again asked if he or she had made the statement. Of course this was improper. It is not contended by the

Attorney General that the evidence was properly admitted, but, relying on the cases of Tetterton v. Com., 89 S. W. 8, 28 Ky. Law Rep. 146, and Truax v. Com., 149 Ky. 699, 149 S. W. 1033, he contends that it was not prejudicial. It is true that it has been held by this court that the admission of evidence in rebuttal is a matter largely in the discretion of the trial court, but that discretion may be abused the same as any other discretion, and if the admission of rebuttal evidence is prejudicial, when it is improperly admitted, a reversal may be granted for that reason. Here we have a case where the evidence offered by the commonwealth was under grave suspicion. The witnesses had been properly asked about the statement which it was alleged they had made, and they had denied that they made any such statement. Appellant proved by many witnesses that the statement had been made. When the trial was thus concluded, so far as the introduction of evidence was concerned, the court, without any apparent reason, allowed the commonwealth to call these witnesses back and have them again reiterate their denial that they had made such a statement. This court will not reverse a judgment of conviction, unless, upon a consideration of the whole case, it appears that an error was prejudicial to the rights of appellant. We will, therefore, refrain at this time from determining whether this error was prejudicial until after a statement of our conclusions from a consideration of the whole record. This was not a case of direct evidence in chief on rebuttal through the exercise of discretion on the part of the trial court, but it was the allowing of direct evidence once given to be repeated in rebuttal.

In the case of Collins v. Com., 227 Ky. 349, 13 S. W. (2d) 263, it was held that it was prejudicial error to allow the commonwealth to withhold a part of its evidence in chief and introduce it in rebuttal.

Another ground relied on for reversal is that the court ruled out certain evidence. This evidence related to a trial of appellant for the same offense in the United States District Court. It was not proper to allow appellant to show that he had been tried and acquitted in that court, and the trial court was not in error in refusing to allow the witness to testify about that trial.

A motion was filed for a new trial based on the grounds mentioned above. This was overruled, and the next day appellant offered to file a substituted motion

and grounds for a new trial containing the grounds set up in the first motion, and, in addition thereto, a lengthy statement as to the alleged improper conduct of the trial judge and the improper conduct of some of the witnesses for the prosecution. During the trial Mrs. Johnson was asked whether she had not charged that appellant was the father of her illegitimate child. According to the statement in the motion she became hysterical and her father rushed around before the jury making threatening statements, and, in fact, there was a small riot in the courtroom. This ground was supported by affidavits of persons who were present. The motion also showed that the trial court reprimanded one of the attorneys for appellant who had asked the question. The jury was sent out, and there was a general discussion of what had taken place. The court refused to allow the substituted motion to be filed, and complaint is made about that. There was no motion to discharge the jury, and what actually happened is not made a part of the bill of exceptions. Matters occurring on the trial that do not appear as a part of the record must be made to appear in the bill of exceptions, as has been uniformly held in many opinions written by this court. It is true the motion and grounds for a new trial need not be set up in the bill of exceptions, but we have here outside matter that could not be made to appear in any form other than in the bill of exceptions. The office and purpose of a bill of exceptions is to bring into the record for review on appeal matters which would otherwise not appear in it. McAllister v. Connecticut Mutual Life Insurance Co., 78 Ky. 533; Harper v. Harper, 10 Bush (73 Ky.) 447; Simons v. Pearson, 61 S. W. 259, 22 Ky. Law Rep. 1707; Stagg Co. v. Brightwell, 92 S. W. 8, 28 Ky. Law Rep. 1220; Thompson v. Com., 122 Ky. 501, 91 S. W. 701, 28 Ky. Law Rep. 1137; Stepp v. Hatcher, 67 S. W. 819, 23 Ky. Law Rep. 2441. Affidavits or pleadings not otherwise made a part of the record for the purposes of appeal must be shown in the bill of exceptions. Wells v. Luttrell, 50 S. W. 684, 21 Ky. Law Rep. 141; Lockett v. Clifton, 67 S. W. 831, 24 Ky. Law Rep. 1. The cases cited have been followed consistently by this court down to the present.

Complaint is made about the instructions given by the court, but an examination of them fails to disclose any error, and the ground relied on that the verdict is contrary to law must, therefore, fall, as there was evi-

dence to support the verdict and it was rendered in accordance with the instructions given.

This leaves one ground to be disposed of and that is whether the verdict is flagrantly against the weight of the evidence. Appellant was a business man in Owen county and had been conducting a mercantile establishment for a number of years. There had been no enmity between him and the family of Kinmon at the time it is alleged that he committed the offense with which he is charged. As against the evidence introduced by the commonwealth he denied that he had possession of any whisky, or that he gave to either of the girls a drink. He was corroborated by the young man, Yancey, who was present during the entire trip to and from Glencoe when the offense is alleged to have been committed. He went to Glencoe to have a doctor examine his throat. The doctor testified that he made an examination of his throat and detected no odor of whisky. The two girls testified that he drank whisky on the trip. The doctor was positive in his statement that there was no odor of whisky when he examined him within a short time after the girls testified that he drank the whisky. There was a lady present in the doctor's waiting room and she testified that she could smell whisky when the odor was present. She stated that the appellant sat down on a couch by her and played with her child for a few minutes while he was waiting on the doctor, and that she did not detect any odor of whisky, although she had an opportunity to do so while he sat by her and played with her little child. The offense was committed in March and the girls did not mention anything about it to their parents until the following October. Between the time that they claimed the offense was committed and the time they told about it a bitter feeling had grown up between appellant and the members of the Kinmon family. This unkind feeling was freely admitted by all of the Kinmons who testified. The father admitted that when the girls told about their having been given a drink of whisky by appellant, which was in October, he proceeded to take the girls before the grand jury and have appellant indicted. The long time that elapsed before the girls said anything about the offense which they say appellant committed in view of the changed relationship between the families at the time they told it cast considerable suspicion on their evidence. Gladys Kinmon, on this trial, testified that the bottle was full of whisky when appellant gave her and her sister

a drink, while it was shown that at another time she had testified that the bottle was not full of whisky at the time. Another very material circumstance which casts doubt upon the evidence is that Mr. Johnson testified that appellant was driving the automobile, and that he undertook to force her to drink the whisky and took her by the back of the neck in an effort to force her to do so. The automobile did not stop. She said he had the bottle of whisky in one hand and was driving the automobile with the other hand, and when she was asked how the automobile was driven while he was trying to force her to drink the whisky, evidently having to use both hands at the time, she made no satisfactory explanation. Further it was testified by many witnesses that members of the Kinmon family had said that if they did not ''get'' appellant in one court they would ''get'' him in some other. Taking all of these things together, the court doubts exceedingly whether the verdict of the jury was supported by the evidence, and when this doubt is coupled with the error of the court in allowing evidence in rebuttal, which was unauthorized, we have reached the conclusion that the judgment should be reversed for a new trial.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.