Oliver HOBBS, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 29, 1960.

Rehearing Denied June 24, 1960.

Robert R. R. Boone, Pineville, for appellant.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

PER CURIAM.

Oliver Hobbs has moved for an appeal from a judgment imposing a fine of $200.00 and a 120-day jail sentence following his second conviction of possession of alcoholic beverages for the purpose of sale in local option territory. KRS 242.230, 242.990.

Two grounds for reversal of the judgment are urged: (1) Evidence upon which Hobbs was convicted was obtained by an illegal search of his premises; (2) testimony that Hobbs' reputation for trafficking in liquor was bad is insufficient evidence to sustain the conviction.

The contention that the search was illegal cannot be reviewed by this Court. The search of Hobbs' premises was conducted pursuant to a search warrant, but neither the search warrant nor the affidavit upon which this warrant was issued appear in the bill of exceptions, nor elsewhere in the record. Hence, we must conclude the search of Hobbs' premises was conducted under a valid warrant and the evidence obtained thereunder was admissible against the accused. Criminal Code of Practice, § 353; Strong v. Commonwealth, 297 Ky. 591, 180 S.W.2d 560; Crouch v. Commonwealth, 238 Ky. 5, 36 S.W.2d 653.

When the evidence introduced in behalf of the Commonwealth showing that Hobbs was in possession of a large quanti-

ty of alcoholic beverages is considered in connection with the testimony that his reputation for trafficking in liquor was bad it is amply sufficient to sustain the conviction. Hammons v. Commonwealth, Ky., 252 S.W.2d 51; Barnes v. Commonwealth, 305 Ky. 481, 204 S.W.2d 801.

The motion for an appeal is overruled and the judgment stands affirmed.