Hosea HENDERSON, Sr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13287.

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1964.

Earl K. Howe, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Hosea Henderson, Sr., the defendant herein, was charged by information in the District Court of Tulsa County with the Crime of Murder. After a trial by jury, he was found guilty of the crime as charged, and sentenced to the State Penitentiary for Life. From the Judgment and Sentence, defendant now prosecutes this appeal.

From the facts adduced at the trial, it appears that at sometime shortly before midnight on March 21st, 1962, Rayford Lee Glover was shot and killed while sitting in a beer tavern in Tulsa, Oklahoma.

Testimony of eye witnesses, Lewis Walker, owner of the tavern, Betty Holmes and A. C. Byers, employees there, was in substance, that the defendant and his son, Reuben C. Henderson (later tried separately for this same homicide), entered the tavern; that the son, who preceded his father, saw

Glover sitting with his back to the door, told the defendant "there he is" and walked up behind Glover, striking him a blow on the head with the barrel of a revolver.

As the deceased struggled with defendant's son, defendant shot him in the head with a revolver he was carrying. According to the witnesses, defendant repeated the words, "I told you I would get you" several times, and upon brandishing his gun, left with his son.

Further evidence introduced by the State shows that the defendant, his son, and one Emma Specks, alleged by defendant to be his common-law wife, then drove to the home of relatives in Okmulgee, Oklahoma, where Reuben remained. Defendant, who had no driver's license, persuaded one Emmet Dean to drive him back to Tulsa, where he was stopped and arrested by police officers at approximately three A.M.

On the trial, defendant testified in his own behalf that on the night of the fatal shooting, he, Emma Specks and his son stopped at the tavern, scene of the slaying, on their way to Okmulgee so that the defendant could purchase some cigars; that to protect his common-law wife's children, he had removed two revolvers from the house, taking them with him; upon entering the tavern, he was attacked by the deceased, who knocked him to the floor. While falling, the defendant struck Glover on the head with one of the revolvers, then shot the deceased with the other as he (Glover) was attempting to renew his attack upon the accused. Defendant further testified that both he and his son had been attacked by the deceased some thirty days previously.

From defendant's brief it is infinitely difficult for this Court to ascertain the exact specifications of error raised on appeal. Defendant's contentions are not clearly set forth in his brief and errors, not labeled "specification" are urged in his "argument and conclusion." Nor does defendant cite authorities in support of many of those propositions urged as error. However, since this is a capital case, involving the liberty of the defendant, we will discuss each contention seriously urged by counsel in his brief.

■ Defendant first contends that the court erred in allowing the common-law wife of defendant to testify for the State, over defendant's objection. Counsel argues that although defendant and Mrs. Specks carried on some of their business in their former names, there is sufficient evidence to show a common-law relationship existed over an extended period of time and therefore, the testimony of Emma Specks was inadmissible. To support his contention, defendant relies upon Title 22 O.S.A. § 702, and Porter v. United States, 7 Ind.Terr. 616, 104 S.W. 855. In the Porter case the Court held:

"Where the court in a homicide case entertains any reasonable doubt on the question whether a witness is the wife of the accused, and therefore incompetent to testify against him, the doubt should be resolved in favor of accused, and the witness should not be permitted to testify."

■ This Court has repeatedly ruled that it is not error alone but error plus injury that requires reversal. An examination of the record shows that the witness, Emma Specks, testified to absolutely nothing concerning the offense and there is nothing to incriminate the defendant. Under these circumstances, assuming that the witness, Emma Specks, was the common-law wife of the accused, we are of the opinion, the defendant was not prejudiced in his substantial rights. We will therefore adhere to the rule as set forth by this Court in Ray v. State, 35 Okl.Cr. 322, 250 P. 438 wherein it was stated:

"This court will not reverse a judgment on account of the * * * improper admission of evidence, or for errors occurring at the trial, unless upon an inspection of the entire record it is of the opinion that * * * the errors are a substantial violation of a constitutional or statutory right."

As his second assignment of error, defendant avers that it was improper for the state to introduce in rebuttal some of the same witnesses who testified for the state in its case in chief. In support of this contention, counsel cites the decision rendered by the Court in Nowlin v. State, 52 Okl.Cr. 169, 3 P.2d 916, wherein we held that the State cannot on rebuttal rehash testimony introduced in the case in chief. While we are in accord with the decision in the Nowlin case, we find the circumstances in the cited case and those in the case at bar readily distinguishable. In the instant case, defendant attempts to establish, in direct contradiction of the testimony of the three state's witnesses, that the defendant came through the door first, that he was attacked by the deceased without provocation; that he had both guns in his possession; that his son, Reuben, remained at the door near the center of the room and a portion of the counter could have blocked the view of the witnesses; thereby, challenging the credibility of the state's testimony. In rebuttal, the state recalled the tavern owner and his employees who had previously testified. This Court has held that the recalling of witnesses on rebuttal is proper to (quoting from the language in Seigler v. State, 11 Okl.Cr. 131, 145 P. 308) "explain, repel, counteract, disprove, or destroy facts given in evidence by an adverse party."

It can thus be seen that "Evidence tending to clarify disputed points may be proper rebuttal testimony, notwithstanding that the same testimony might have been introduced in chief." Pulliam v. State, 61 Okl.Cr. 18, 65 P.2d 426.

Finding nothing in the record to indicate the trial court abused it's discretion in admitting said testimony in rebuttal, we hold this contention to be without merit.

Defendant further asserts that the court through certain improper remarks made during the late hours of the night caused a hasty verdict, prejudicing defendant. In particular, appellant contends that the jury was given only 15 minutes in which to reach a verdict after having been given further time to deliberate at 12:05 A.M., and again at 12:30 A.M.

From the Casemade, we quote the following excerpt to which defendant objects:

"If you feel that you are hopelessly deadlocked, while realizing, of course that it's been a long and arduous trial and that it's getting late, I want the verdict to reflect individual judgment of each juror concurring; I don't want any forced verdicts, I don't want any wearing down of the jurors; that you may retire for deliberation." (Casemade 531—Lines 20–25)

In Reed v. State, Okl.Cr., 335 P.2d 932, this Court held that:

"The length of time a jury is required to deliberate is within the sound discretion of the trial judge and his judgment is final unless there is a clear abuse of his discretion."

The statements of the court, as above quoted, would seem to indicate that there was no abuse of discretion by the trial judge, but to the contrary, the jury was cautioned against a hasty or forced verdict.

Defendant's last assignment of error relates to the closing argument of the state and for the purpose of this opinion will be dealt with under sub-assignments of error A & B.

Under sub-assignment A, the defendant objects to a portion of the argument of the County Attorney to which exceptions were taken and under assignment of error B those portions of the closing argument of the state to which no exception was interposed nor objection made nor a motion made for a mistrial of the cause.

It is contended under assignment of error A, that the following portion of the Casemade requires a reversal of this cause (page 525)

"Somewhere down in Boynton is the weapon that killed Ray Lee Glover. Why would he keep these guns. Because all the tests we could run on

the fragments we got out of Glover's head and the firing of these weapons would not match. That's why he kept them. * * * He's trying to trick us. We couldn't match up anything in trying to test those weapons. They were tested.

"MR. HOWE: Your honor, I'm going to object to that. There's no proof of that whatsoever.

"COURT: There was evidence in the trial about the gun, that there was another gun used. Counsel is permitted to make reasonable inferences from testimony adduced from the facts.

"MR. HOWE: He said that they made a test and there was not testimony on that. That's what I'm objecting to.

"COURT: I didn't hear specific reference to a test of the gun.

"LATIMER: Well, Judge, I don't know what I said. I assumed that they were tested.

"COURT: We will strike the testing of the gun and the jury is admonished to disregard that. You may proceed."

█ Under the circumstances as above stated, we are of the opinion that the County Attorney's statement did not constitute prejudicial error, since an objection to the statement was sustained and the jury admonished to disregard it. (See Jackson v. State, Okl.Cr.App., 193 P.2d 895, cert. denied, Jackson v. Burford, 338 U.S. 888, 70 S.Ct. 184, 94 L.Ed. 545)

█ Under sub-assignment of Error B, we have carefully examined the excerpts from the record of the Assistant County Attorney's closing argument to which no exception was interposed, and are of the opinion that while Assistant County Attorney Latimer exceeded that wide latitude which is given to counsel in their closing argument and his conduct is deserving of censure, the argument, in the light of the entire record does not constitute fundamental error requiring reversal. Under the facts in the instant cause, we will follow the rule set forth in Melot v. State, Okl.Cr.. 375 P.2d 343, and cases cited therein.

"Where the guilt of the defendant is clear and there is no reason to believe that the jury could arrive at any other verdict than guilty, the court will not reverse a case because of improper conduct of the county attorney".

In view of the authorities above cited, we are of the opinion that the Judgment and Sentence appealed from should be, and the same is hereby, affirmed.

Affirmed.

We wish to acknowledge the brief and argument presented to this Court by Messrs. Amos Hall, and E. Melvin Porter, as Amicus Curiae.

JOHNSON, P. J., and NIX, J., concur.