**STATE of Missouri, Respondent,**

v.

**Jack Raymond FOSTER, Appellant.**

No. 53805.

Supreme Court of Missouri,
Division No. 2.

March 10, 1969.

John C. Danforth, Atty. Gen., Jefferson City, Frank E. Vigus, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Michael C. Walther, St. Louis, for appellant.

BARRETT, Commissioner.

The appellant, Jack Raymond Foster, with a prior felony record, has been found guilty of burglary in the second degree and sentenced to six years' imprisonment. Throughout, in the trial of his case and upon appeal to this court, Foster has been represented by diligent, competent court-appointed counsel.

One of his briefed and argued points, preliminary to the merits of the cause, concerns his claim that the statute (RSMo 1959, § 544.170, V.A.M.S.) and the rule (Criminal Rule 21.14, V.A.M.R.) with reference to arrest and twenty hours' custody without charge or warrant were violated and that, therefore, the court erred in overruling his before-trial motion to dismiss. It is not necessary to detail the facts set forth in his motion or for that matter the evidence adduced upon his hearing on the motion. His prayer for relief upon this alleged infringement of rights was "for relief from this illegal restraint in asking the Court to grant a prompt hearing on the matter, whereas justice may be granted as provided."

As indicated, there was a hearing upon this motion and the court made an evidentiary supported finding of fact. In any event, Power Brakes, Incorporated, was burglarized about 12:30 a. m., May 18, 1967. Foster was arrested at Ohio and Caroline Streets at 3:30 on the afternoon of May 19, 1967, and immediately taken to the Third District police station and "booked." He was advised of his rights and on that same afternoon "processed," including fingerprints, on the second floor of the Police Department. The warrant office book recited "to be presented to the grand jury" and that "it was issued on May 20th" and filed in the Court of Criminal Corrections on May 22nd. In short, on May 20, 1967, at 9:15 the record recites "Issued," which meant, according to the officers, that an "arrest warrant" had been issued. Upon the hearing, which included other evidence, the court "finds as a matter of fact that he was not held in excess of twenty hours" within the proscription of the statute and rule. Not only is the finding supported, there is no claim of a confession in this period and "when one has been indicted, he is thereby placed under the most formal of charges, and, pursuant to Rule 24.19, a warrant is issued. A detention for more than twenty hours here could not conceivably be illegal." State v. Donnell, Mo., 387 S.W.2d 508, 511.

The circumstances, in brief, which the appellant says show no more than "a bare trespass" are that the last person to leave Power Brakes, Incorporated, 2739 Park Street, about 7 o'clock on May 17, 1967, secured all the doors and windows, especially the "very heavy" front door with its two locks. The next morning about 7:30 it was discovered that "the front glass was broke out and the door jamb was pulled completely out, and the door was standing open." Police officers immediately responded and "processed" the premises by preventing the removal or disturbance of objects, particularly the broken glass inside and outside the door as well as the doorframe. It was discovered that two Remington adding machines, two radios and some tools were missing. The important thing, however, was the large number, six or eight, of "complete" fingerprints of six separate fingers and one thumb lifted from the glass and doorframe. The experts said, "The fingerprints were made by Jack Foster. Could not have been made by any other person." Some of the glass with appellant's fingerprints was inside the door. But, more important, Leona Caldwell lived next door to Power Brakes, separated only by her yard. About 12:30 o'clock she was "watching the late movie" when she looked out and "seen two colored men" pull in Power Brakes' driveway in a panel truck and get out. She recognized them, "Yes, I had seen them in the neighborhood," and upon trial she identified Foster as one of the two men. The two men were standing "underneath the street light" and immediately "I heard some glass breaking" but, she said, "I didn't pay it no mind because I just didn't think, you know." These circumstances, the identification of the appellant Foster at the scene of the offense together with his fingerprints on the glass and doorframe, cogently support the jury's finding of his guilt. State v. Allen, Mo., 420 S.W.2d 330, 333.

The indictment not only charged Foster with the burglary, it also charged him with the larceny of the two Remington adding machines and two radios. At the conclusion of all the evidence the court announced that the appellant's motion for an acquittal would be sustained as to the larceny "and the Court intends to submit to the jury the question of Burglary in the Second Degree only." The court then said to the jury "the only question to be submitted to you is the question of Burglary in the Second Degree. *The offense of Stealing is not in this case and you are not to consider the charge of the offense of Stealing,* and the instructions will not cover that." In Instruction 1 the court hypothesized the circumstances of the offense of burglary concluding "with the felonious and burglarious intent on the part of the defendant then and there to steal, take and carry away certain personal property, to wit, *one Remington Electric Adding Machine and one Remington hand-operated adding machine,* then and there kept." The appellant points to the italicized language and contends that it constitutes "a comment upon specific facts which the state as a matter of law was unable to prove." The adding machines were never recovered and as a reason for directing a verdict it was observed "that the Court does not feel that the evidence sufficiently connects this man with the stealing of the property alleged to be taken." Since this was the court's view of the stealing of the adding machines it is not known why the court insisted on specifically including them in the principal instruction "(T)he *intent* to steal or commit any crime therein" (RSMo 1959, § 560.070, V.A.M.S.) is the essence of the completed offense of burglary, as prior to inserting the two machines the court instructed the jury but "to establish the requisite intent in the offense of second degree burglary it is not necessary that the act of stealing be completed after the breaking and entry." State v. Smith, Mo., 357 S.W.2d 120, 123. The problem here is whether the inclusion by description of the two machines constitutes manifest prejudicial error entitling the appellant to a new trial.

In State v. Arthur, Mo., 57 S.W.2d 1061, there was no evidence that anyone

other than the appellant burglarized the store. Nevertheless the instruction appended the phrase "acting together and in concert with another or others." The court held that the phrase "may be rejected as mere surplusage, because it did not tend to mislead the jury" and therefore was not prejudicial. And so it is here, the specific inclusion of the two adding machines may be treated as surplusage and as such not a prejudicial comment on the evidence. State v. Jones, Mo., 365 S.W.2d 508, 515.

Accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.