**STATE of Missouri, Respondent,**

v.

**Leroy MEEKS, Appellant.**

**No. 55108.**

Supreme Court of Missouri,
Division No. 1.

Oct. 12, 1970.

John C. Danforth, Atty. Gen., Harvey M. Tettlebaum, Asst. Atty. Gen., Jefferson City, for respondent.

Charles C. Allen, Jr., James W. Herron, St. Louis, for appellant.

HIGGINS, Commissioner.

Leroy Meeks, with two prior convictions, was charged with burglary, second degree, and a jury convicted him of that offense. The court assessed his punishment at seven years' imprisonment and rendered sentence and judgment accordingly. §§ 556.280, 560.070, 560.095, V.A.M.S.

On February 15, 1969, at 5:15 p. m., Raymond L. Keller, office manager at Firestone Store, 5901 Delmar, St. Louis, Missouri, closed the premises and checked to see that all doors were securely locked and that the ADT burglary alarm system was operative. The alarm is activated when a door so protected is opened. When activated, it sounds in a central office of ADT and the ADT dispatcher calls the ADT guard and the police and reports the address where the alarm has been activated.

Robert Riley, a guard for ADT, was on duty in his automobile in the early morning of February 16, 1969, when the ADT dispatcher called and advised him that the ADT alarm was sounding at 5901 Delmar. He proceeded to that address, arriving at 5:54 a. m. The alarm had been activated by a person passing from the tire storage room to the battery room inside the Firestone Store.

Officer Roy Robertson of the St. Louis Police Department was on duty with Officer Gary Tucker in the vicinity of 5901 Delmar in the early morning of February 16, 1969, when, at 5:39 a. m., they were dispatched to 5901 Delmar in response to a burglary alarm sounding there, and they arrived at the premises within 30 to 45 seconds. They stopped in front of the building and noted a 1962 "black over white" Buick automobile with the name "Leroy Meeks" on it directly in front of the outside door. The automobile was directly in front of and hiding a hole in the door 18 x 42 inches, about six inches above the ground. Officer Robertson crawled through the hole into the tire room, then through a door leading to the battery room, where he and another officer, Sergeant Rezo, found appellant "squatting behind some cardboard boxes." The outside door was of plywood construction with faded white paint and, where the hole was broken into it, several pieces and splinters had fallen to the floor in the area of the break. Appellant's clothes and shoes and fragments from the broken door were sent to the police laboratory.

Officer Riley Hughes, Jr., of the St. Louis Police Department responded to a call for assistance from other police officers and arrived at the premises about 5:40 a. m., February 16, 1969. He also observed the condition of the broken premises and appellant's presence inside the store.

Patrolman Gary Tucker, upon arrival with his partner, Officer Robertson, checked the outside of the premises and found all openings secured except the broken front door, which he described as having the lower left-hand panel "kicked out." He also observed that the engine of the 1962 Buick was running, and he took appellant's clothes and the door fragments to the laboratory.

Cordell Brown, chief chemist at the St. Louis Police Laboratory, examined appellant's clothes and the door fragments given him by Patrolman Tucker and found paint

particles in the pocket of appellant's jacket of the same color and sequence as the paint on the plywood fragments from the door.

Leroy Meeks, testifying in his own behalf, stated that he passed by the premises, noted the hole in the door, and crawled through it. He denied breaking the door but admitted entering the store through the hole with intent to steal whatever he could.

Officer Robertson, in rebuttal, stated that in the early morning of February 16, 1969, snow had fallen and the only footprints in the snow near the premises led from appellant's automobile toward the Firestone Store.

Appellant does not question the sufficiency of the evidence and the foregoing statement supports the jury's verdict. State v. Huff, Mo., 454 S.W.2d 920, 921[1]; State v. Foster, Mo., 438 S.W.2d 176.

■ Reciting that an accused is entitled to be brought into court for his trial free from shackles or bonds, State v. Rice, Mo., 149 S.W.2d 347, 348[1]; that bringing the defendant into the presence of the jury in handcuffs gives the jury the impression that the defendant is a dangerous man not to be trusted, State v. Kring, 64 Mo. 591, 593; and that a defendant is substantially prejudiced by being brought before the jury in handcuffs unless he has done something to justify restraint, State v. Rice, supra, State v. Yates, Mo., 442 S.W.2d 21, 27[17], appellant contends the court erred in denying his motion to discharge the venire on the ground the venire had been prejudiced by having seen him in handcuffs prior to the start of the trial.

All the evidence on this contention was taken as true and as stated by counsel. It showed that prior to trial appellant was brought from his confinement at the St. Louis Workhouse and delivered to the sheriff's office on the first floor of the Municipal Courts Building; sheriff's officers then used the public elevator and the front door of the courtroom enroute to the detention cell at the rear of the courtroom. He was kept outside the courtroom three to four minutes during which time he was in the presence of several prospective jurors and at least three prospective jurors were in the courtroom when he was brought into the courtroom. The court, in overruling the motion, observed that although the customary practice was to bring prisoners from the city jail through the tunnel to the Municipal Courts Building and via private elevator to the detention cell, such practice was not followed on this occasion because the jail was overcrowded and appellant was confined to the workhouse to which the tunnel is not connected; and found that no prejudice had occurred.

The difficulty with appellant's position is that the evidence shows at most that some three or more veniremen saw appellant in handcuffs while being conducted through public areas to his place of detention prior to trial. There is no evidence that he was ever in handcuffs during his trial; nor is there any evidence that any of the twelve jurors who sat in appellant's case ever saw him in or out of the courtroom in handcuffs. Under such circumstances no prejudice was shown. See State v. Caffey, Mo., 404 S.W.2d 171, 176[4], where the same contention was denied in similar circumstances; and see also State v. Sallee, Mo., 436 S.W.2d 246, 254[20].

■ Emphasizing his denial that he broke the premises, and that the evidence shows all the elements of trespass as well as burglary, second degree, appellant contends under Criminal Rule 26.02, V.A.M.R., and Section 546.070, V.A.M.S., that the court erred in its duty to instruct on all the law of the case by failing to instruct the jury "on the lesser included offense of Trespassing. Section 795.010 of the Revised Code of St. Louis, 1960, Volume I." See, for example, State v. Sykes, Mo., 436 S.W.2d 32, 36[8], that it is error for the court to fail to instruct on a lower degree of any offense, irrespective of a request

for such instruction, if there is evidence to warrant submission of a lesser offense.

The difficulty with this contention is also insuperable because trespass under the statutes, let alone under city ordinances, is not a lesser degree of the offense of burglary under Section 560.070, supra, with which appellant was charged so as to come within Sections 556.220 and 556.230, V.A. M.S., authorizing conviction of any degree of an offense inferior to that charged or of any offense which is necessarily included in that charged against him. State v. Price, Mo., 365 S.W.2d 534, 538[7]; State v. Drake Mo., 298 S.W.2d 374, 377–378[10].

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the Court.

All of the Judges concur.