STATE of Missouri,
Plaintiff-Respondent,

v.

Keith FEEMSTER, Defendant-Appellant.

No. 43398.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 15, 1981.

Erica Leisenring, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

A jury found defendant Keith Feemster guilty of forcibly robbing Irving Smith of his wallet. The trial court sentenced defendant to five years in prison.

The state's evidence: At about 7:40 P.M. on October 12, 1979 an off-duty policeman saw defendant wrestle the victim to the ground, take his wallet, and run; the officer gave chase and saw defendant rifling the stolen wallet; defendant fled in a circuitous route but was soon caught. Defendant did not testify and does not challenge the sufficiency of the state's evidence.

Defendant relied on a claimed alibi and appeals on the sole ground the trial court erred in admitting rebuttal testimony that refuted part of the alibi testimony.

Defendant's only witness was Jamie Buchanan. His alibi testimony was that at 5:30 P.M. on the day of the robbery he left work at Houlihan's restaurant and rode a bus home; at about 7 o'clock he saw defendant playing basketball; soon he and defendant walked to a drug store, bought beer, and as they returned the arresting officer fired a shot at them; they ran.

In rebuttal David Brackman who was Jamie Buchanan's employer testified over objection that personnel records showed Buchanan did not begin work at Houlihan's until December 19, 1979, two months after the charged robbery.

Defendant now contends the court erred in admitting the rebuttal testimony about the conflicting dates of Buchanan's employment. This, because it was a collateral matter that did not refute the essential part of Buchanan's alibi testimony—being with the defendant when someone else robbed the victim.

The issue: When an alibi witness testifies to the course of his activity leading

up to the time of the alibi, may he be impeached in rebuttal by testimony refuting that prior activity? We say yes. Buchanan's testimony about being employed on the day of the robbery and leaving his work to soon join defendant tended to give support to his alibi testimony.

In *State v. Jones*, 571 S.W.2d 741 [9, 10] (Mo.App.1978), the court cited a long line of cases to support its ruling: "The trial court owns a wide discretion respecting ... how far collateral issues may be pursued by rebuttal in order to attack the credibility of a witness." To the same effect see *State v. Kirk*, 510 S.W.2d 196 [4, 5] (Mo.App.1974).

 We deny defendant's contention that the challenged rebuttal testimony was inadmissible because it was on a collateral matter. An alibi is not a collateral matter. *State v. Huff*, 454 S.W.2d 920 [3–5] (Mo. 1970). Rebuttal testimony is admissible to refute alibi testimony. *State v. Johnson*, 536 S.W.2d 851 [9–11] (Mo.App.1976). The trial court did not abuse its discretion in admitting the challenged rebuttal testimony.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.