851 P.2d 147

**The STATE of Arizona, Appellee,**

v.

**Neal R. CRAMER, Appellant.**

**No. 2 CA–CR 91–0435.**

Court of Appeals of Arizona,
Division 2, Department B.

Nov. 5, 1992.

Redesignated as Opinion Nov. 27, 1992.

Review Denied May 18, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, and Randall M. Howe, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Brian X. Metcalf, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Appellant was tried to a jury and found guilty of unlawful production of marijuana with a weight of eight pounds or more. At trial, he was precluded from presenting a medical necessity defense. He was sentenced to a mandatory but mitigated term of 3.75 flat years.

After receiving two reports in early 1990 that appellant was growing marijuana in his house, the police began investigating and first used an infrared heat-seeking device in surveilling appellant's house. The device revealed an abnormal amount of heat coming from the interior of the house. A check of appellant's utility bills showed that he was using two to three times more water and electricity than the average residential user. A visitor to appellant's house reported observing 50 to 100 marijuana plants growing in his bedrooms. The police used this information as the basis for obtaining a search warrant for the house, which they served on June 22, 1990.

The search revealed marijuana cuttings and drying marijuana, some hung on strings, some in sacks and some on paper plates. Separate from the "drying room" were the "growing" rooms, where seedlings and young marijuana plants were growing. The weight of the marijuana plants was approximately ten pounds. Appellant was granted several continuances because he needed additional time to interview witnesses to prepare his defense that he grew marijuana as a medical necessity to relieve alleged pain caused by an automobile accident. The trial court heard arguments on the state's motion to preclude the defense and ruled that the "medical necessity" defense could be used on the possession for sale charge because it would negate appellant's intent to sell. However, the court precluded the defense on the production charges, because self-medication is contrary to the Legislature's prohibition against growing or using marijuana. Appellant then requested a continuance to prepare another defense to the production charge. A one-day continuance was granted.

**I.**

## DID THE TRIAL COURT ERR BY PRECLUDING APPELLANT'S DEFENSE OF MEDICAL NECESSITY?

**A.** Appellant first contends that the trial court abused its discretion in granting the state's motion because the motion was untimely, filed less than 20 days prior to the date set for trial. Ariz. R.Crim.P. 16.1(b), 17 A.R.S. We find no abuse of discretion by the trial court in waiving the time limit and considering the motion because the state could have objected to evidence supporting appellant's defense at trial without a written motion. Moreover, because the court has power to extend the time for filing, it has the discretion to hear late motions. *State v. Zimmerman*, 166 Ariz. 325, 328, 802 P.2d 1024, 1027 (App.1990); *State v. Vincent*, 147 Ariz. 6, 8, 708 P.2d 97, 99 (App.1985).

**B.** Appellant contends the trial court erred in concluding that there is no common law defense of medical necessity in Arizona. Appellant points out that the Legislature specifically provided for the adoption of the common law, A.R.S. § 1–201, and the Arizona Constitution specifically reserved rights already possessed by the people at the time the constitution was adopted. Arizona Const. art. 2, § 33. Accordingly, appellant contends, if it has not been clearly abrogated, he had a constitutional right to present the medical necessity theory of defense to the jury. U.S. Const. Amendment V; Ariz. Const. art. 2, § 24; *Crane v. Kentucky*, 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986); *State v. Axley*, 132 Ariz. 383, 392 646 P.2d 268, 277 (1982).

The state responds that appellant was not entitled to the medical necessity defense because (1) the defense does not exist in Arizona and (2) appellant does not satisfy the criteria for that defense. The state contends that common law defenses such as medical necessity no longer exist because, in 1978, the Legislature abolished the common law as it applied to the criminal law. Citing A.R.S. § 13–103, the state

argues that the Legislature intended to abrogate common law defenses as well as common law offenses. The state urges that the comprehensiveness of the criminal code reveals the legislative intent to supplant the criminal common law with the new criminal code.

Appellant counters that where the Legislature intended to replace common law defenses, it did so explicitly: Self defense, §§ 13–401 to 13–411; Duress, § 13–1412; Immaturity, § 13–501; Insanity, § 13–502; and, Intoxication, § 13–503. Appellant underscores his argument with the defense of entrapment which continues to be a common law defense used in Arizona, particularly in the area of drug offenses. *State v. Gessler*, 142 Ariz. 379, 690 P.2d 98 (App. 1984); *State v. McKinney*, 108 Ariz. 436, 501 P.2d 378 (1972); *State v. Boccelli*, 105 Ariz. 495, 467 P.2d 740 (1970). Appellant logically contends that entrapment would not be available as a defense if all common law defenses had been abrogated by A.R.S. § 13–103.

The state acknowledges that the non-codified common law defense of entrapment is an anomaly that continues because no appellate court has considered its continued viability after the enactment of the criminal code. It argues that the Legislature has determined that the harm caused by the production and possession of marijuana is such that no "necessity" will justify its illegal production or possession. In A.R.S. § 36–2512(A)(3)(n), the Legislature classified cannabis (marijuana) as a Schedule I controlled substance and recognized its potential for abuse. In A.R.S. § 36–2522(A), the Legislature required that all persons who manufacture, distribute, dispense or use controlled substances for scientific purposes, must obtain a license or permit to do so. Accordingly, it is contended that the Legislature deemed marijuana sufficiently dangerous that it restricted its possession to a select, controlled group, explicitly precluding anyone from obtaining it by other means. When the Legislature has determined that an exception to the prohibition of unprescribed possession of controlled substances is necessary, it has expressly so provided. See A.R.S. § 13–

3402(B) (possession of peyote permitted for use in religious exercises). This conclusion is confirmed, the state contends, by the Legislature's refusal to renew the controlled substances therapeutic research act, A.R.S. §§ 36–2601 to 36–2606, which expired July 1, 1985. That Act permitted the prescription of marijuana to cancer and glaucoma patients who were not responding to conventional therapies. The Legislature's refusal to renew the legislation in 1985 suggests that marijuana, previously allowed for therapeutic purposes, was subsequently outlawed without exception.

We agree that the Legislature has addressed exceptions and exemptions in detail by statute, A.R.S. § 13–3412, and conclude that unlawful possession of marijuana does not fall within those protected categories. The burden of proving one is within a protected category is on the defense. A.R.S. § 13–3412 B. The defense has not met its burden here.

## II.

### SHOULD THE MARIJUANA HAVE BEEN SUPPRESSED BECAUSE THE POLICE LACKED PROBABLE CAUSE?

■ Appellant contends that the police did not present information to the magistrate regarding the anonymous informant's reliability and veracity for purposes of obtaining the search warrant. He also challenges the use of an infrared device for measuring heat emanating from the defendant's house without obtaining a search warrant. We find that appellant has waived any challenges on the first issue because he did not provide the trial court or this court with a sufficient factual record. *State v. Anaya*, 170 Ariz. 436, 825 P.2d 961 (1991). Moreover, under the totality of the circumstances, it appears that the magistrate had sufficient information to issue the search warrant. Appellant responds that the state "essentially entered into a stipulation of facts upon which the court reached the merits of the motion to sup-

press." However, no such stipulation appears in the record.

On the issue of the use of the infrared heat measuring devices, we conclude that they do not constitute a search. The United States Supreme Court has held that utilization of extra-sensory non-intrusive equipment does not constitute a search for purposes of the fourth amendment. See, e.g., *United States v. Knotts*, 460 U.S. 276, 103 S.Ct. 1081, 75 L.Ed.2d 55 (1983) (beeper placed in container to track movements of vehicle); *United States v. Place*, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (use of dog to sniff luggage). In *United States v. Penney–Feeney*, 773 F.Supp. 220, 225–28 (D.Haw.1991), the court determined that aiming "... a passive infrared instrument at defendant's house from an aerial vantage point for the purpose of detecting disposed heat on the exterior of the house ... clearly passes constitutional muster...." Accordingly, we conclude that the use of the infrared heat measuring device did not constitute a search.

### III.

### WAS THE TRIAL COURT'S REFUSAL TO GRANT APPELLANT'S REQUEST FOR A CONTINUANCE ERROR?

■ Appellant was granted a 60–day continuance and the original trial date of October 30, 1990, was continued until January 3, 1991. A second continuance was granted appellant to March 19, 1991. The state argues that five months was sufficient time to investigate and prepare all defenses. Appellant's position is that the trial court abused its discretion by not granting him a continuance so that he could develop a new defense after his defense of "medical necessity" was precluded. We will uphold the trial court's denial of a motion for continuance unless there is a clear abuse of discretion. *State v. Atwood*, 171 Ariz. 576, 832 P.2d 593 (1992). It does not appear that denial of further continuances was anything but reasonable, nor does it appear that appellant was prejudiced by the ruling.

### IV.

### WERE APPELLANT'S DUE PROCESS RIGHTS VIOLATED WHEN THE TRIAL COURT FAILED TO INSTRUCT THE JURY THAT THE WEIGHT OF THE SEIZED MARIJUANA WAS AN ELEMENT OF THE OFFENSE WHICH THE STATE HAD THE BURDEN OF PROVING BEYOND A REASONABLE DOUBT?

■ Appellant contends that A.R.S. § 13–3405, production of marijuana, is similar to the theft and kidnapping statutes, A.R.S. §§ 13–1802 and 13–1304, in that all of those statutes set forth the elements of the crime and contain an additional element which determines the class of felony. Appellant contends that that additional element must be proven by the state beyond a reasonable doubt and that in the instant case, the jury was never informed that the weight of the marijuana was an element of the state's case and that it had to be proven beyond a reasonable doubt. This occurred, appellant contends, because the trial court's instruction outlining the elements omitted the classifying element of weight. The state responds that the issue is waived because no objection was made to the trial court's instruction on the basis now advanced. *State v. Serna*, 163 Ariz. 260, 266, 787 P.2d 1056, 1063 (1990). Additionally, considering the instructions in context and matters outside the instructions to determine whether those given are sufficient, *State v. Rodriguez*, 114 Ariz. 331, 334, 560 P.2d 1238, 1241 (1977), it is clear that the jurors understood that the weight of the marijuana was an element of the crime, having been included in the indictment which was read to them. The jurors were instructed that the state had to prove all elements of the offense beyond a reasonable doubt before they could find appellant guilty. Appellant's counsel reiterated in argument that the weight of the marijuana was critical to their decision, admitting that the state had proved that appellant had unlawfully produced marijuana:

> Ladies and gentlemen, there's really only one issue for you to decide, at this point.

[Appellant] is charged with unlawful production of marijuana, over eight pounds. The only thing you have to decide, in this court—jury room is, has the State proved to you that he had over eight pounds of marijuana.

\* \* \* \* \* \*

The State has not proved to you that it was eight pounds of marijuana—over eight pounds. They told you it's ten pounds of a bunch of plants, that more than half is water.

Now, I haven't been here, and given you a whole lot of bologna. I haven't made ridiculous objections, and I haven't put superfluous testimony on. I'm not standing here, telling you that the State hasn't proven that [Appellant] was growing marijuana. They have proven that. And, I'm also not here, telling you, in fact, I entered into the stipulation that it was tested, and that it was marijuana.

\* \* \* \* \* \*

The marijuana was less than eight pounds. For that reason, I'm going to ask you to find [Appellant] not guilty.

The verdict form included a special interrogatory asking the jurors to determine the weight of the marijuana. It is clear from the instructions, the indictment and the closing argument that the jury understood that they would have to find the weight of the marijuana proven beyond a reasonable doubt before they could find appellant guilty of unlawfully producing marijuana. We conclude that the trial court did not misinstruct the jury.

The conviction and sentence are affirmed.

DRUKE, P.J., and FERNANDEZ, J., concur.