UNITED STATES of America,
Plaintiff–Appellee,

v.

Sean FEENEY, Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Janice PENNY–FEENEY,
Defendant–Appellant.

Nos. 91–10589, 91–10606.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 15, 1992.

Decided Feb. 1, 1993.

---

**1054**

Thomas P. Dunn, Honolulu, Hawaii, for defendant-appellant Sean Feeney.

Alexander Silvert, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant Janice Penny–Feeney.

Marshall H. Silverberg, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before: HUG, PREGERSON, and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Defendant Janice Penny–Feeney and her husband, co-defendant Sean Feeney, appeal the district court's denial of their various motions to suppress physical evidence in their federal drug and firearm prosecution. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. The Feeneys' appeal was timely filed under Fed.R.App.P. 4(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## I. FACTS

A detailed description of the investigatory and factual background of this case is provided in the district court's erudite and well-reasoned opinion, which is reported at *United States v. Penny–Feeney,* 773 F.Supp. 220 (D.Hawaii 1991). We briefly summarize that background below.

Defendant Janice Penny–Feeney and her husband, co-defendant Sean Feeney, were indicted on January 9, 1991, on three counts involving federal drug and firearm violations. The indictment stemmed from an investigation that lasted approximately two years and that culminated in a raid on the Feeneys' Hawaii home on April 3, 1990. The Feeneys moved to suppress all physical evidence that was seized pursuant to a state search warrant authorizing the April 3, 1990, raid. The search warrant was based on an affidavit by a Hawaii State officer, Officer Char, that included: (1) four 1989 tips from an anonymous female informant that resulted in a search, executed pursuant to a warrant, of a package that was mailed to Janice Penny–Feeney from California and that ultimately contained $2700 in drug tainted money; (2) a 1990 tip from an anonymous male informant who contended that Janice Penny–Feeney had been growing marijuana in her Hawaii home for three years; (3) a 1990 tip from a *known* male informant who detailed Janice Penny–Feeney's growing operation and identified as her associates Tony Vicar and Debbie Loo; (4) Officer Char's corroborating information; and (5) readings taken by a forward looking infrared device (FLIR) during Officer Char's helicopter surveillance of the Feeneys' home.

The district court denied all of the Feeneys' various motions to suppress physical evidence, concluding that (1) the Hawaii State police's use of an FLIR during helicopter surveillance of the Feeneys' home did not violate the Fourth Amendment's prohibition against unreasonable searches, and (2) that the tips from the three informants, coupled with Officer Char's corroborating information, amounted to probable cause for the warrant authorizing the April 3, 1990, raid independent of the FLIR readings. The Feeneys then entered a conditional guilty plea, reserving for appeal the issue of whether the district court erred in denying their motions to suppress physical evidence. We affirm the district court's conclusion that the Hawaii State police demonstrated probable cause for the war-

rant authorizing the April 3, 1990, raid independent of the FLIR readings. Because we do so, we need not and do not address whether any aspect of Officer Char's use of an FLIR during helicopter surveillance of the Feeneys' home violated the Fourth Amendment's prohibition against unreasonable searches.

## II. STANDARD OF REVIEW

■ We review de novo motions to suppress evidence. *United States v. Homick,* 964 F.2d 899, 903 (9th Cir.1992); *United States v. Thomas,* 863 F.2d 622, 625 (9th Cir.1988). We review for clear error the trial court's factual findings. *United States v. Negrete–Gonzales,* 966 F.2d 1277, 1282 (9th Cir.1992).

## III. DISCUSSION

■ Abiding by the dictates of *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and *United States v. Landis,* 726 F.2d 540 (9th Cir.), *cert. denied,* 467 U.S. 1230, 104 S.Ct. 2688, 81 L.Ed.2d 882 (1984), we unhesitatingly agree with the district court's conclusion that the Hawaii State police demonstrated probable cause to execute their April 3, 1990, raid on the Feeneys' home independent of the FLIR readings.

In *Gates,* the Supreme Court held that a magistrate should evaluate whether an informant's tip establishes probable cause for issuance of a warrant "under the totality of the circumstances."

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

*Gates,* 462 U.S. at 238–39, 103 S.Ct. at 2332 (citations omitted).

In *Landis,* this court held that, in evaluating whether there is a substantial basis for concluding that an affidavit in support of a warrant established probable cause, "[i]nterlocking tips from different confidential informants enhance the credibility of each." *Landis,* 726 F.2d at 543.

As the district court pointed out, this case involves three separate interlocking sources of information. First, in 1988 an anonymous female informant made four separate phone calls in which she identified Janice Penny–Feeney as a seller of marijuana and in which she stated that Janice Penny–Feeney previously had sold narcotics while living in California and had continued to do so in Hawaii. Based on this information, and pursuant to a search warrant, federal officers subsequently searched a package sent to Janice Penny–Feeney from California. That search revealed $2700 in what a dog sniff revealed to be drug tainted money.

Second, on March 9, 1990, an anonymous male informant reported that Janice Penny–Feeney had been growing marijuana for about three years and that inside her Hawaii home was a large marijuana growing operation. The informant described in detail the growing operation, including that there was a continuous growing operation with a harvest every six weeks, that in one room there were seedlings while in another room there were more mature plants, that there was drip irrigation for the watering of the plants, and that there were large grow lights along with air conditioning and fans for ventilation.

Third, a *known* male informant completely corroborated the information provided by the other two informants. He confirmed that Janice Penny–Feeney was selling marijuana in Hawaii and indicated that Anthony Vicar was a party to Janice Penny–Feeney's selling. He also confirmed exactly the second informant's description of Janice Penny–Feeney's indoor growing operation. He also told Officer Char that Janice Penny–Feeney sold marijuana by the pound for between $2500 and $3000 and that she shipped the marijuana by mail or other means to California until she became aware in September 1989 that the police and the postal inspector were watching her mail. The September 1989 search corroborated this information.

Finally, Officer Char corroborated that the Feeneys had a wooden structure attached to the garage that seemed to have no other purpose than to hide the existence of an air conditioner or fans, that the grass appeared greener in back of the Feeneys' home near the garage, and that the car registered to Debbie Loo and Anthony Vicar had been seen at the Feeneys' home on two occasions.

Based on this information, the district court concluded:

> When all of the detailed interlocking information contained in the tips from the three informants is considered, coupled with the fact that some of the incriminating details set forth therein were corroborated by the police, it becomes apparent that the issuing magistrate had a substantial basis for concluding that the affidavit in support of the warrant established probable cause independent of the FLIR readings.

*United States v. Penny–Feeney*, 773 F.Supp. at 229. We agree and conclude that the Hawaii State police demonstrated probable cause to execute their April 3, 1990, raid on the Feeneys' home independent of the FLIR readings. Because this conclusion allows us the opportunity to demonstrate the appropriate judicial restraint, *see, e.g., Republic National Bank of Miami v. United States*, — U.S. —, —, 113 S.Ct. 554, 564, 121 L.Ed.2d 474 (1992) ("Normally, we avoid deciding constitutional questions when it is reasonable to avoid or postpone them."); *Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Engineering*, 467 U.S. 138, 157, 104 S.Ct. 2267, 2279, 81 L.Ed.2d 113 (1984) ("It is a fundamental rule of judicial restraint, however, that this Court will not reach constitutional questions in advance of the necessity of deciding them."), we need not and do not address whether any aspect of Officer Char's use of an FLIR during helicopter surveillance of the Feeneys' home violated the Fourth Amendment's prohibition against unreasonable searches.

## IV. CONCLUSION

Accordingly, the district court's denial of the Feeneys' various motions to suppress physical evidence in their federal drug and firearm prosecution is AFFIRMED.