Danny LaFOLLETTE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 94–SC–1018–DG.

Supreme Court of Kentucky.

Feb. 22, 1996.

marijuana and appeals from a judgment and sentence of one-year imprisonment.

The appellant has been a grower of marijuana by utilizing an indoor grow operation located on his property. He was the subject of an informant's recent Crimestoppers' tip and his property, without a search warrant, was the target of a helicopter fly-over which used a Forward Looking Infrared Radar (FLIR) to survey heat emissions from appellant's residence.

The trial court held the FLIR over-flight was not a search and overruled appellant's request for suppression of the marijuana evidence subsequently seized during execution of the search warrant. The search warrant was based upon the informant's tip and collected data from the flyover.

Appellant maintains use of the FLIR constitutes an illegal search of his residence which is violative of Section 10 of the Kentucky Constitution and the Fourth Amendment of the United States Constitution. Examination of Section 10 and the Fourth Amendment reflects a pronounced similarity with little textual difference. *Crayton v. Commonwealth*, Ky., 846 S.W.2d 684 (1992). While no requirement exists to follow the decisions of the Supreme Court of the United States as we interpret the Constitution of Kentucky, we certainly shall not ignore either the logic or scholarship of that Court. *Rooker v. Commonwealth*, Ky., 508 S.W.2d 570 (1974). Stated otherwise, Section 10 of the Kentucky Constitution provides no greater protection than does the federal Fourth Amendment. *Estep v. Commonwealth*, Ky., 663 S.W.2d 213 (1983).

FLIR is described as a "passive, nonintrusive instrument which detects differences in temperature on the surface of objects being observed. It does not send any beams or rays into the area on which it is fixed or in any way penetrate structures within that area." *United States v. Penny–Feeney*, 773 F.Supp. 220, 223 (D.Hawaii 1991) *aff'd on other grounds*, 984 F.2d 1053 (9th Cir.1993). Through thermal imagery, the FLIR essentially measures "heat waste" emanating from a structure and displays the differences in temperatures through a viewfinder in vary-

Paul D. Ross, Lexington, for appellant.

Chris Gorman, Attorney General, Carol C. Ullerich, Assistant Attorney General, Criminal Appellate Division, Frankfort, for appellee.

REYNOLDS, Justice.

Danny LaFollette entered a conditional guilty plea to a felony charge of cultivating

ing shades of color. The FLIR is used to affirm indoor grow operations since:

> [A] structure being used for the purpose of cultivating marijuana under artificial lighting would produce and show a significant amount of heat due to the large amounts of heat grow-lights or artificial lights generate. . . . [T]his heat would also cause the structure to register as warmer on the FLIR than similar types of structures without any internal sources of heat.

*Penny–Feeney,* at 224.

■ This Court's opinion is furthered with a determination that the use of a FLIR unit does not constitute a search. Such holding is developed by a consideration of whether the instrument infringed upon appellant's legitimate expectation of privacy. *United States v. Kyllo,* 809 F.Supp. 787, 792 (D.Oregon 1992), provides:

> Under *Katz* [*v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) ], an expectation of privacy is only reasonable where (1) the individual manifests a subjective expectation of privacy in the object of the challenged search; and (2) society is willing to recognize that subjective expectation as reasonable. *Id.* 389 U.S. at 361, 88 S.Ct. at 516. The second element turns on "whether the government's intrusion infringes upon the personal and societal values protected by the Fourth Amendment." *Oliver v. United States,* 466 U.S. 170, 182–83, 104 S.Ct. 1735, 1743, 80 L.Ed.2d 214 (1984).

■ The party seeking suppression must not only exhibit an expectation of privacy in the area, but the expectation must be one society is willing to acknowledge as reasonable. *Katz v. United States,* 389 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d 576, 587–588 (1967), (Harlan, J., concurring). The mission was simply to detect differences of temperature on the surface of an object, which is described as thermal imaging, and at most, is a gauge to reflect the amount of heat emitted by an object. We would add that in most instances helicopters are permitted to fly at any altitude if their operation is conducted without hazards to persons or property on the surface and, therefore, all airspace is navigable to them. *Common-*

*wealth v. Oglialoro,* 525 Pa. 250, 579 A.2d 1288 (1990). The condition of appellant's structure lacked any features related to heat containment and had he expected privacy, society would find no reasonable expectation thereof. *See California v. Greenwood,* 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1987), (wherein garbage left for collection found no protection under the Fourth Amendment).

■ A suppression hearing requires the moving party to carry the burden of establishing the evidence was secured by an unlawful search. *United States v. Blakeney,* 942 F.2d 1001 (6th Cir.1991), *cert. denied* 502 U.S. 1035, 112 S.Ct. 881, 116 L.Ed.2d 785 (1992); *Strong v. Commonwealth,* 297 Ky. 591, 180 S.W.2d 560 (1944). The sheer condition of appellant's residence offered no expectation of privacy as to heat emission. *United States v. Myers,* 46 F.3d 668 (7th Cir.1995). "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States,* 389 U.S. at 351, 88 S.Ct. at 511, 19 L.Ed.2d at 582.

■ Had appellant made such a privacy claim and satisfied the first prong of *Katz,* the subjective expectations would fail for it is not a "reasonable" privacy interest nor one society would deem as acceptable. Defendants do not have a reasonable expectation of privacy "in the inculpatory items that they discarded." *California v. Greenwood,* 486 U.S. at 41, 108 S.Ct. at 1629, 100 L.Ed.2d at 37. Unlike telephone taps or electronic devices that penetrate the walls of a home, heat waste does not disclose any fact intimate or personal about the occupant. *Penny–Feeney,* 773 F.Supp. at 228. "None of the interests which form the basis for the need for protection of a residence, namely the intimacy, personal autonomy and privacy associated with a home, are threatened by thermal imagery." *United States v. Pinson,* 24 F.3d 1056, 1059 (8th Cir.1994).

The majority of jurisdictions hold that use of thermal imagery does not constitute a search within the meaning of the Fourth Amendment. *United States v. Ishmael,* 48 F.3d 850 (5th Cir.1995); *United States v.*

*Myers, supra; United States v. Pinson, supra; United States v. Ford,* 34 F.3d 992 (11th Cir.1994); *Penny–Feeney, supra; United States v. Domitrovich,* 852 F.Supp. 1460 (E.D.Wash.1994); *State v. Cramer,* 174 Ariz. 522, 851 P.2d 147 (1992). We clearly distinguish appellant's citations which have appeared to hold otherwise.

Appellant has advanced an "Orwellian" argument and one with which we do not agree. FLIR neither intrudes nor encroaches upon the existing constitutional safeguards. A flyover is not problematic. It caused no physical invasion of the home or curtilage. *See California v. Ciraolo,* 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986); *Florida v. Riley,* 488 U.S. 445, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989). Hence, we find no search and therefore no intrusion into appellant's Fourth Amendment rights and those provided by Section 10 of the Kentucky Constitution.

Herein, we determine, as did the *Penny–Feeney* court, that an expectation of privacy is not one that society is prepared to accept as objectively reasonable. That court stated:

> Time and again, the United States Supreme Court has held that police utilization of extra-sensory, non-intrusive equipment, such as the FLIR, to investigate people and objects does not constitute a search for purposes of the Fourth Amendment. *See, e.g., United States v. Knotts,* 460 U.S. 276, 103 S.Ct. 1081, 75 L.Ed.2d 55 (1983) (placing beeper in container to track movements of vehicle to a remote cabin in the hills not considered a search); *United States v. Place,* 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (using a drug detection dog to sniff luggage at an airport is not a search); and *Smith v. Maryland,* 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979) (establishing a "pen register" with the phone company to ascertain what phone numbers were called by a private residence not held to be a search).

*Id.* at 226.

Appellant also maintains that the search warrant was deficient in that the tip on which the warrant was partly based was from an anonymous source. He maintains that the affidavit of Sgt. Roe does not state the date the informant made his observations, but having determined that FLIR surveillance alone would have justified the warrant, it is sufficient to say that the informant's tip buttressed a finding of probable cause.

The opinion of the Court of Appeals is affirmed.

GRAVES, KING, LAMBERT and WINTERSHEIMER, JJ., and BEN L. KESSINGER, Jr., Special Justice, concur.

STUMBO, J., dissents by separate opinion.

STEPHENS, C.J., not sitting.

Prior to his death on January 27, 1996, Justice REYNOLDS wrote the majority opinion herein. Rendition was delayed only by normal administrative procedures.

STUMBO, Justice, dissenting.

Respectfully, I must dissent. I would hold that the use of the FLIR unit infringed upon LaFollette's legitimate expectation of privacy just as surely as the device attached to the outside of the telephone booth in *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The fact that the FLIR does not penetrate the walls of the home is irrelevant and ignores the purpose of the use of the FLIR; to wit: to determine what activities are taking place inside a private residence.

The majority take comfort in the statement that the condition of Appellant's home offered no expectation of privacy as to heat emission, apparently referring to the lack of exhaust fans to dissipate heat. I would look to Appellant's use of fencing, shrubbery, and window coverings as evidence that Appellant sought to keep the activities of his home private. As the Fifth Circuit Court of Appeals noted in *United States v. Ishmael,* 48 F.3d 850 (1995), one need not anticipate and guard against every investigative tool or sophisticated surveillance technique to exhibit an expectation of privacy.

To hold otherwise leaves the privacy of the home at the mercy of the government's ability to exploit technological advances.

Because I would find the FLIR overflight constituted a warrantless search, and, believ-

ing that there was insufficient basis for a finding of probable cause for issuance of a search warrant without the information the overflight provided, I would hold that the fruits of the search warrant should have been suppressed. I would reverse and remand for a new trial.