764 So.2d 1008 (2000)
STATE of Louisiana
v.
George Edward WEBB.
No. 99 KA 1366.
Court of Appeal of Louisiana, First Circuit.
March 31, 2000.
Ellen Daigle Doskey, Assistant District Attorney, Houma, Counsel for Appellee State of Louisiana.
*1009 Katherine M. Franks, Louisiana Appellate Project, Baton Rouge, Counsel for DefendantAppellantGeorge Edward Webb.
Before: GONZALES, FITZSIMMONS, and WEIMER, JJ.
FITZSIMMONS, J.
The defendant, George Edward Webb, was charged by bill of information with possession of marijuana with intent to distribute, in violation of La. R.S. 40:966. He pled not guilty. After trial by jury, he was found guilty as charged. The defendant received a sentence of ten years at hard labor and a $100 fine. The trial court denied the defendant's motions to reconsider sentence.
The defendant has appealed. Because we find reversible error in the trial court's exclusion of relevant evidence, we pretermit consideration of defendant's other assignments of error.

FACTS
Shortly after 8:00 p.m. on January 6, 1998, Agent Faron Waguespack of the Terrebonne Parish Sheriff's Office Narcotics Division obtained a search warrant for the defendant's residence at 1015 Houma Street in Houma, Louisiana. The search warrant affidavit indicated that an undercover agent, accompanied by a confidential informant (C.I.), had made a controlled purchase of approximately $160 worth of marijuana from Justine Melancon. During the transaction, Ms. Melancon indicated that she needed to pick up the marijuana. She instructed the undercover agent and the C.I. to meet her in five minutes at the Terrebonne General Medical Center parking lot. The C.I. had stated that if Ms. Melancon had to pick up the marijuana from a nearby location, she probably would obtain it from "Spider" (an alias for the defendant) who lived on Houma Street. While conducting surveillance of the controlled buy area and Ms. Melancon, Agent Waguespack lost sight of Ms. Melancon for about a minute. However, he did observe Ms. Melancon's vehicle parked in front of the defendant's home at 1015 Houma Street. He also observed Ms. Melancon walking back to her car from the defendant's front yard.
During the subsequent search of the defendant's home by Agent Waguespack and numerous other law enforcement officers, approximately three ounces of marijuana were seized, along with a small scale. At the motion to suppress hearing and the trial, law enforcement officers testified that the defendant admitted to selling marijuana to supplement his income, but stated that he was not a big drug dealer.
However, the defense theory of the case was that the defendant was guilty of only possession, not possession with intent to distribute. At the motion to suppress hearing and the trial, the defendant admitted to telling the law enforcement officers that he had sold marijuana in the past, but he claimed that he was not selling marijuana at the time of his arrest. The defense asserts that the officers misunderstood the defendant's statements during the noise and confusion of the search of his home. The defense also asserts that the defendant regularly smoked marijuana because of numerous chronic medical problems, but they were prevented from presenting this evidence to the jury.

ASSIGNMENT OF ERROR NUMBER SIX
In this assignment of error, the defendant contends that the trial court erred in exceeding the scope of the state's motion in limine, thereby excluding relevant evidence and restricting the presentation of a defense.
After jury selection, but before opening statements, the state filed a motion in limine to prevent the defense from introducing evidence of the defendant's health problems. The motion alleged that such evidence "will have no factual merit" and *1010 "would only be utilized to invoke sympathy on behalf of the defendant." The trial court ruled that the defendant could testify about his poor health. However, although not requested in the state's motion, the trial court ruled that the defendant could not testify that he smoked marijuana to relieve his pain. Defense counsel objected to this ruling on the basis that the defense was that the defendant used marijuana for medicinal purposes. The trial court replied that it may be the defendant's "justification in his own mind but it's just not a defense recognized in law." Defense counsel again objected, noting that such a ruling preventing the defendant's testimony on this point "effectively removes a great portion of his defense." In fact, during his testimony on direct examination, when the defendant stated that he smoked marijuana "as a pain relief," the prosecutor objected. The trial court admonished the jury to disregard the answer, as follows:
Okay, I want stricken from the record the comment by Mr. Webb about smoking marijuana for relief of pain.
Ladies and gentlemen of the jury, that answer or statement's being stricken from the record. It's not a defense to any drug charge that you're using those drugs for relief of pain, that's why you go to doctors to get medication and/or you go to the pharmacy and get Midol or aspirin, like we do on a daily basis. So please disregard his comment.
A defendant's right to present a defense is sanctioned constitutionally, and he can testify to, or give evidence on, any matter relevant to an issue material in the case. State v. Bennett, 517 So.2d 1115, 1118 (La.App. 1st Cir.1987), writ denied, 523 So.2d 1335 (La.1988). A "material issue" is one "of solid or weighty character, of consequence, or importance" to the case. State v. Ludwig, 423 So.2d 1073, 1078 (La. 1982).
La.Code Evid. art. 401 provides:
"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
La.Code Evid. art. 403 provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
In questions of relevancy, much discretion is vested in the trial court. State v. Andrews, 451 So.2d 175, 178 (La. App. 1st Cir.), writ denied, 457 So.2d 17 (La.1984). Such rulings will not be disturbed on appeal in the absence of a showing of manifest abuse of discretion. State v. Raymond, 447 So.2d 51, 54 (La.App. 1st Cir.), writ denied, 449 So.2d 1347 (La. 1984).
Initially, we note that part of the trial court's ruling was correct. It is not a defense to a charge of simple possession to merely assert that a controlled dangerous substance is possessed for pain relief, unless the drug was properly prescribed. See La. R.S. 40:966. However, this defendant was charged with possession with intent to distribute. To prove the intent element, the state asserted that the quantity of marijuana seized from the defendant, approximately three ounces, was inconsistent with personal use. Therefore, the defense that the defendant possessed this quantity because he had chronic health problems, and used the drug for medicinal purposes, was extremely relevant. Such testimony would have constituted a major portion of the defense case.
The defense never denied guilt of the offense of simple possession. Thus, the defendant did not intend to offer his medicinal use of marijuana as a complete defense to any prosecution. However, the medicinal use may have provided an explanation for the quantity of the drug that he possessed sufficient to negate the state's inference that he possessed it with intent to distribute. As the defendant was prevented *1011 from introducing highly relevant evidence on the most important element of the crime of distribution, we find that the trial court abused its discretion in excluding such critical evidence.
In Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993), the United States Supreme Court clarified the harmless error standard. The court stated, as follows: "The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error."
In arguing for a harmless error application herein, it could be pointed out that there was expert testimony that the amount of marijuana and its packaging were inconsistent with personal use. A small scale was also seized from the defendant. On the other hand, no pager, beeper, or firearms were recovered from the defendant's residence. Although the C.I. believed that Ms. Melancon obtained the marijuana from the defendant, the defendant had only eight dollars when he was arrested. The evidence of the amount of marijuana, packaging, and the scale, while surely serving to strengthen the state's case, cannot be characterized as overwhelming.
Additionally, earlier on the day of the search and arrest of defendant, Ms. Melancon was observed walking back to her car from the defendant's front yard. While this evidence was a significant factor in the issuance of the search warrant, it added little to help the state prove the defendant had an intent to distribute marijuana. Ms. Melancon was not observed entering the defendant's residence or buying marijuana from the defendant.
Finally, there is the issue of the defendant's statements at the time of the raid. Law enforcement officers testified at the motion to suppress hearing and the trial that the defendant admitted to selling marijuana to supplement his income, and that he was not a big drug dealer. While the defendant admitted to telling the law enforcement officers that he had sold marijuana in the past, he claimed that he was not selling marijuana at the time of his arrest. The defense asserts that the officers misunderstood the defendant's statements during the noise and confusion of the search of his home. There were eight police officers and a police dog used in that raid. The defendant and three other persons were present in the house. The possibility of some confusion or slight misunderstanding of the defendant's statements, that he had distributed marijuana in the past, is not out of the realm of possibility. Essentially, the issue of what statements were made boils down to the credibility of the defendant versus the officers. Even the prosecutor in his closing argument admitted that the key issue in this case was one of credibility. While the state's case was fairly strong, it nevertheless depended on the jury making a credibility determination between the police officers and the defendant.
If cognizant of the defendant's claim that any higher than normal marijuana use was for medicinal purposes, the jury may have rendered the same verdict; or perhaps not. The prejudice to the defendant's case created by the trial court's erroneous ruling simply cannot be measured. The defendant was not allowed to have the jury fully test his credibility because the most important aspect of his defense was excluded. It certainly cannot be ruled out that the jury might have accepted the defendant's explanation, and that the explanation may have created a reasonable doubt on the distribution charge.
Reviewing all of the circumstances, we cannot conclude that the guilty verdict actually rendered in this trial was unattributable to this error. The defendant was in fact deprived of his constitutional right to present a defense. Accordingly, we find that harmless error cannot be applied in *1012 this situation. Therefore, defendant's conviction and sentence must be reversed, and the case remanded to the trial court for a new trial.
CONVICTION AND SENTENCE REVERSED, AND CASE REMANDED FOR A NEW TRIAL.
WEIMER, J., concurs with reasons.
GONZALES, J., concurs for the reasons assigned by WEIMER, J.
WEIMER, J., concurring.
I concur and offer the following additional comments.
This decision does not stand for the proposition that each time one is charged with possession with intent to distribute a controlled dangerous substance, a "medical necessity" defense is available.[1] The specific and unique facts of this case govern the result. At the time of the arrest, the defendant did not have a weapon. He had very little cash, a small scale, and three ounces of marijuana in his possession. The State presented evidence that this quantity of marijuana was indicative of possession with intent to distribute, and argued that the amount was excessive for personal recreational use.
Under the very limited facts and circumstances of this case, if the State offers evidence to establish the quantity proves distribution,[2] the defendant, whom the trial court allowed to testify about poor health, should be able to testify why he possessed this quantity of marijuana,[3] but only as a defense to the distribution charge. The fact the defendant claims to use marijuana to control pain may or may not explain the quantity. However, in offering such a defense, the defendant is essentially admitting to the possession of marijuana charge, as he is not legally entitled to possess marijuana for medicinal purposes under the facts of this case.
I note that the state of Arizona has approved a similar limited application of the medical necessity defense. See State v. Cramer, 174 Ariz. 522, 523, 851 P.2d 147, 148 (App.1992) (defendant can offer evidence that he used drugs for medical reasons to negate an intent to sell, but cannot offer such evidence in defense of possession or manufacture charge.)
NOTES
[1] The defense should not be available to one, who through their actions, becomes dependant on a controlled dangerous substance.
[2] The smaller the quantity, the more corroborating evidence is necessary to establish possession with intent to distribute. Conversely, the greater the quantity, the less corroborating evidence is necessary. When a substantial quantity is possessed, quantity alone may establish possession with intent to distribute.
[3] Additionally, medical testimony corroborating the necessity of such use may be required.