**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

FEB 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY JONATHAN SCHMEKEL,

Defendant - Appellant.

No.10-30157

D.C. No. cr-08-00120-WFN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted February 9, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ and IKUTA, Circuit Judges.

Timothy Schmekel appeals the denial of his motion seeking to suppress the
images of child pornography found on his computer and cellular phone. We
affirm. Under the totality of the circumstances, the affidavit gave the magistrate
judge a substantial basis for concluding that there was probable cause for the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

search.  *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983).  The magistrate judge did not err in relying on hearsay statements in the affidavit because the basis for the hearsay declarants' statements was known, *see United States v. Bishop*, 264 F.3d 919, 925 (9th Cir. 2001), the accounts were consistent and interlocking, *United States v. Feeney*, 984 F.2d 1053, 1055-56 (9th Cir. 1993), and some of the information was corroborated by independent police investigation, *Gates*, 462 U.S. at 244-45.

Although the affidavit did not contain descriptions of specific images of child pornography seen by the hearsay declarants, such specificity is not required where, as here, there is sufficient evidence to support a "practical, common-sense decision" that child pornography would probably be found in the residence.  *Id*. at 238; *see also United States v. Grubbs*, 547 U.S. 90, 95 (2006).  Here, the affidavit included evidence that Schmekel's admitted interest in child pornography led to a police investigation and marital difficulties, raising the reasonable inference that Schmekel was engaged in an unlawful activity and not merely indulging an interest in non-pornographic images of children.  That evidence also supported the reasonable inference that Schmekel's wife, the source of the hearsay evidence, understood the meaning of the term "child pornography."  Nor does the affidavit's discussion of "collectors" undermine the magistrate judge's conclusion that the

2

affidavit provided a sufficient basis for probable cause, particularly given evidence that Schmekel had accessed pornography regularly between 1998 and 2004, and that he had stored child pornography on his cell phone and computer. *Compare with United States v. Weber*, 923 F.2d 1338, 1345-46 (9th Cir. 1990). Therefore, the district court properly denied Schmekel's motion to suppress evidence obtained during the search of his residence.

Further, given the indicia of probable cause in the warrant and the lack of evidence that the affiant intentionally or recklessly misinterpreted or omitted material facts, or relied on illegally obtained evidence, the officers acted in good faith, and thus the district court did not err in denying Schmekel's motion to suppress even if the affidavit had been flawed. *United States v. Leon*, 468 U.S. 897, 919 n.20 (1984).

**AFFIRMED**.