OPINION

HOWARD, Chief Judge.
¶ 1 After a jury trial, appellant Jose Alvarez was convicted of second-degree burglary and sentenced to five years’ probation to be served concurrently with a probationaiy term in another case. On appeal, Alvarez contends the trial court erred by excluding third-party culpability evidence or by denying his motion for a mistrial to formulate a new defense. He also argues the court erred by ordering restitution because he had been acquitted of the theft charge. For the following reasons, we affirm.
Factual and Procedural Background
¶2 We view the facts in the light most favorable to sustaining the verdicts. State v. Haight-Gyuro, 218 Ariz. 356, ¶ 2, 186 P.3d 33, 34 (App.2008). Alvarez broke into M.’s home through the back door and took items worth $16,661.49. Two water bottles not belonging to M. were discovered in her kitchen, one of which had Alvarez’s DNA[1] on it. Alvarez was arrested and charged with burglary and theft by control. The jury acquitted Alvarez of theft by control, but convicted him of burglary. The court sentenced him as noted above. This appeal followed.
Third-Party Culpability
¶3 Alvarez argues the trial court erred by excluding third-party culpability evidence concerning a landscaper, R., with a prior criminal record. He contends the evidence was relevant to showing the police investigation of R. was “faulty.” We review the court’s rulings on the relevance and admissibility of evidence for an abuse of discretion. State v. Rutledge, 205 Ariz. 7, ¶ 15, 66 P.3d 50, 53 (2003).
¶ 4 We first review the admissibility of third-party culpability evidence to determine whether it is relevant under Rules 401 and 402, Ariz. R. Evid. State v. Gibson, 202 *581 Ariz. 321, ¶¶ 12-13, 44 P.3d 1001,1003 (2002). “[A] defendant may not, in the guise of a third-party culpability defense, simply ‘throw strands of speculation on the wall and see if any of them will stick.’” State v. Machado, 226 Ariz. 281, n. 2, 246 P.3d 632, 635 n. 2 (2011), quoting State v. Machado, 224 Ariz. 343, n. 11, 230 P.3d 1158, 1172 n. 11 (App. 2010). Instead, any such evidence is relevant only if it “tend[s] to create a reasonable doubt as to the defendant’s guilt.” Gibson, 202 Ariz. 321, ¶ 16, 44 P.3d at 1004.
¶ 5 In his opening statement, Alvarez discussed the officers’ investigation into R.’s criminal history, and explained that the victim had noted R.’s presence at the home. The state objected to Alvarez’s mention of R.’s criminal history, but the trial court denied the objection. After opening argument, the state renewed its objection to the admission of evidence regarding R.’s prior conviction, arguing it was not relevant, but instead simply showed R.’s bad character or criminal propensity. Alvarez argued the evidence was relevant to impeach the police officers about their investigation of the case. The court ruled that any evidence about R. was not relevant because there was no evidence to “tie [R.] to the crime” and no evidence that would “tend to create a reasonable doubt as to [Alvarez’s] guilt.” The court further held that even if the evidence were relevant the danger of unfair prejudice and misleading the jury outweighed any probative value. Alvarez filed a motion for reconsideration and a motion for mistrial the next day, both of which the court denied.
¶ 6 Alvarez provides no evidence that R. was involved in the burglary or that faulty police investigation tended to create any reasonable doubt as to his guilt. And the fact the police did not investigate R., based on his scheduled presence in the yard, does not in any way explain how a water bottle with Alvarez’s DNA on it was found in the victim’s home following the burglary. Moreover, even had police discovered R.’s criminal history, it would not have been relevant due to R.’s lack of any connection to the crime. Alvarez did not offer a valid third-party culpability defense and we conclude the evidence is “no more than ‘[v]ague grounds of suspicion.’” State v. Bigger, 227 Ariz. 196, ¶ 43, 254 P.3d 1142, 1155 (App.2011), quoting State v. Fulminante, 161 Ariz. 237, 252, 778 P.2d 602, 617 (1988) (alteration in Bigger). Thus the trial court did not abuse its discretion in finding the evidence inadmissible under Rules 401 and 402.[2]
¶ 7 Alvarez relies heavily on Machado, 224 Ariz. 343, 230 P.3d 1158. In that case, the defendant introduced evidence that the third party had threatened the victim, had an uncontrollable temper, and did not attend a date the night of the murder. Machado, 224 Ariz. 343, ¶ 8, 230 P.3d at 1165. The trial court precluded other third-party culpability evidence, including that the police had obtained a search warrant related to the third party. Id. ¶ 9. This court reversed the conviction based on the exclusion of the third-party culpability evidence. Id. ¶ 1. As to the police evidence, we determined that officers’ subjective beliefs are typically inadmissible, but that in that case, some of the evidence was relevant “contextual information.” Id. ¶ 55. Here, because the record is devoid of any connection between the burglary and R., Alvarez never offered a valid third-party culpability defense. Any defect in the investigation into R. would not have provided contextual information regarding the burglary. Therefore, the evidence was irrelevant and Machado does not dictate a different result.
¶ 8 Moreover, we conclude that any error in the exclusion of this evidence would be harmless. State v. Bible, 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993) (error in excluding evidence harmless when beyond reasonable doubt it did not affect verdict). Alvarez’s and a female’s DNA were found on separate water bottles left in the victim’s house during the time the burglary occurred. *582 The record is devoid of any explanation for their presence other than that Alvarez and an accomplice committed the burglary. And, even if R. had been involved in the burglary, that involvement would not exculpate Alvarez. R. simply could have been another accomplice, who had told Alvarez when the house would be empty. Therefore, we can say beyond a reasonable doubt that the exclusion of this evidence did not affect the verdict and, if error, was harmless. See Bible, 175 Ariz. at 588, 858 P.2d at 1191.
¶ 9 Our dissenting colleague concludes that Alvarez offered a valid third-party culpability defense. He acknowledges, however that evidence that does nothing more than raise suspicion against a class of people, e.g., State v. Dann, 205 Ariz. 557, ¶ 36, 74 P.3d 231, 243 (2003), or reveals the bad character or criminal propensities of a person otherwise unconnected to the crime, e.g., Fulminante, 161 Ariz. at 252, 778 P.2d at 617; accord Macha-do, 224 Ariz. 343, n. 11, 230 P.3d at 1172 n. 11, should be excluded. The evidence here is of that kind. Our colleague also asserts that “if the evidence in question would suggest a reasonable possibility that a person other than the defendant committed the crime, it should be admitted.” But Alvarez’s evidence fails this test. Even if R. in some way was involved in the burglary, that would not exculpate Alvarez. As noted above, because R. could have been Alvarez’s accomplice, the offered evidence does not suggest that someone other than Alvarez committed the crime.
¶ 10 Finally, the dissent suggests the DNA evidence in this case was not dispositive of guilt. We must disagree. Although the dissent suggests several hypothetical possibilities in which Alvarez’s DNA could have been left on the water bottle, there is no factual support for them in the record, nor do they overcome the logical conclusion drawn from the evidence that Alvarez committed the burglary. Therefore, we are unpersuaded by the dissent’s speculation.
¶ 11 Alvarez further argues the trial court should not have considered the state’s objection to the third-party culpability evidence because the state did not object before trial. Alvarez argues based on Rule 15, Ariz. R.Crim. P., governing disclosures, and Rule 16.1, Ariz. R.Crim. P., governing pretrial motions, that the state was required to object at least twenty days before trial. Alvarez acknowledges he cites no criminal eases on point and instead relies on civil eases and rules of procedure. However, in a criminal ease, “[a] pretrial motion in limine is merely a convenient substitute for evidentiary objections at trial.” State v. West, 176 Ariz. 432, 442, 862 P.2d 192, 202 (1993), overruled on other grounds by State v. Rodriguez, 192 Ariz. 58, 64 n. 7, 961 P.2d 1006, 1012 n. 7 (1998). The state may object to a defendant’s proposed evidence at trial and is not required to submit a written motion in advance of trial. State v. Cramer, 174 Ariz. 522, 523, 851 P.2d 147, 148 (App.1992). Finally, a trial court has discretion to hear an untimely motion. State v. Zimmerman, 166 Ariz. 325, 328, 802 P.2d 1024, 1027 (App. 1990). The court did not err by considering the state’s objection to Alvarez’s proposed evidence.
¶ 12 Alvarez next argues the trial court erred by denying his motion for a mistrial and motion for a new trial, because it denied his right to present a defense under the Due Process Clauses of the United States and Arizona constitutions. He notes that his entire defense strategy was based on his third-party culpability defense, which was precluded, and he did not have a chance to investigate and prepare any alternate theory of defense. We review for an abuse of discretion a court’s denial of a motion for mistrial. State v. Moody, 208 Ariz. 424, ¶ 124, 94 P.3d 1119, 1151 (2004). “A declaration of a mistrial, however, is ‘the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted.’ ” State v. Dann, 205 Ariz. 557, ¶ 43, 74 P.3d 231, 244 (2003), quoting State v. Adamson, 136 Ariz. 250, 262, 665 P.2d 972, 984 (1983).
¶ 13 Alvarez may have been left with insufficient time to develop another defense strategy. But he has identified no other viable strategy he could have developed in view of his DNA having been found on the water bottle inside the house. Accordingly, the trial court did not abuse its discretion by not *583 finding that justice would be thwarted absent a mistrial. See Moody, 208 Ariz. 424, ¶ 124, 94 P.3d at 1151.
¶ 14 Alvarez relies on State v. Petrak, 198 Ariz. 260, ¶¶ 28-29, 8 P.3d 1174, 1182 (App. 2000), in which this court determined a duplicitous indictment “inadequately defined the charge, fail[ing] to notify [the defendant] of what evidence would be presented against him.” However, Alvarez makes no claim that he was unaware of the charges against him, none of which changed during trial. The state is not required to provide notice of how it “intends to proceed or to elect theories in advance” of trial. West, 176 Ariz. at 443, 862 P.2d at 203. Indeed, the evidence excluded by the trial court was irrelevant to Alvarez’s guilt. Therefore, the court did not err by denying Alvarez’s motions for a mistrial and a new trial, because Alvarez still had the opportunity to prepare and present his defense to the charges.
Restitution
¶ 15 Alvarez lastly contends the trial court erred by ordering him to pay restitution because it improperly considered the victim’s emotional loss and because any losses arose from theft, of which Alvarez was acquitted, rather than burglary. “[W]e view the evidence bearing on a restitution claim in the light most favorable to sustaining the court’s order.” State v. Lewis, 222 Ariz. 321, ¶ 5, 214 P.3d 409, 412 (App.2009).
¶ 16 To preserve an argument for review, the defendant must make sufficient argument to allow the trial court to rule on the issue. State v. Fulminante, 193 Ariz. 485, ¶ 64, 975 P.2d 75, 93 (1999) (“objection is sufficiently made if it provides the judge with an opportunity to provide a remedy”). “And an objection on one ground does not preserve the issue [for appeal] on another ground.” State v. Lopez, 217 Ariz. 433, ¶ 4, 175 P.3d 682, 683 (App.2008). At sentencing Alvarez’s counsel stated: “As to the restitution, I thought that it might be a good idea to have a restitution hearing, because we did have that split verdict. He was convicted of the burglary but not the theft by control. And I would like the opportunity to make some arguments as to that.” But Alvarez did not object when the trial court imposed restitution. Nor did he object based on the court’s having considered the victim’s emotional loss nor argue sufficiently that the losses flowed only from the theft rather than the burglary. See Fulminante, 193 Ariz. 485, ¶ 64, 975 P.2d at 93. Alvarez therefore has forfeited the right to seek relief for all but fundamental, prejudicial error.[3] See State v. Henderson, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005) (failure to object to alleged error in trial court results in forfeiture of review for all but fundamental error).
¶ 17 Alvarez argues the imposition of restitution is fundamental error. “[T]he imposition of an illegal sentence constitutes fundamental error.” State v. Lewandowski, 220 Ariz. 531, ¶ 4, 207 P.3d 784, 786 (App.2009). However, although the trial court noted the victim’s emotional loss, the amount of restitution imposed was the exact amount of economic loss the victim reported. Therefore, the court did not increase the award based on the victim’s emotional loss and did not err, much less err fundamentally, by imposing a restitution order in the amount of the victim’s loss. See Town of Gilbert Prosecutor’s Office v. Downie, 218 Ariz. 466, ¶ 14,189 P.3d 393, 396 (2008) (restitution limited to “amount necessary to recompense direct losses”).
¶ 18 Alvarez also contends the victim’s damages “did not flow directly” from the burglary, but from the subsequent theft. The state must prove by a preponderance of the evidence that except for the criminal conduct the victim would not have incurred the economic loss and that the conduct directly caused the loss. Lewis, 222 Ariz. 321, ¶ 7, 214 P.3d at 412. A defendant’s acquittal on one offense “does not necessarily absolve him of liability for restitution” so long as the *584 facts underlying the conviction directly caused the loss. Id. ¶ 9.
¶ 19 Viewing the evidence “in the light most favorable to upholding the restitution award,” id. ¶ 15, Alvarez broke into the victim’s home for the purpose of committing a theft and took her jewelry, leaving behind his water bottle. A preponderance of the evidence supports that the victim would not have incurred the economic loss of property without the facts underlying Alvarez’s burglary conviction and the facts support the causal nexus between Alvarez’s conduct and the victim’s economic loss. See id. ¶¶ 7, 11.
¶ 20 Alvarez relies on State v. Whitney, 151 Ariz. 113, 726 P.2d 210 (App.1985) for the proposition that a defendant’s conduct in stealing a ear was too attenuated from conduct of later colliding with another vehicle. However, in Whitney, the court addressed the question of whether the driver of the second vehicle was a victim of the original crime, rather than whether a defendant’s actions caused loss to a victim. 151 Ariz. at 114, 726 P.2d at 211. Alvarez also relies on State ex rel. McDougall v. Superior Court, 186 Ariz. 218, 220, 920 P.2d 784, 786 (App. 1996), in which the defendant committed civil traffic offenses in causing an accident, but then criminally left the scene of an injury accident. We held that because the defendant’s criminal conduct did not cause the economic losses from the accident, he was not required to pay restitution. McDougall, 186 Ariz. at 220, 920 P.2d at 786. Because Alvarez’s criminal conduct caused the victim’s economic loss, the trial court did not err fundamentally or otherwise in ordering restitution.
Conclusion
¶ 21 For the foregoing reasons, we affirm Alvarez’s conviction and sentence.
CONCURRING: J. WILLIAM BRAMMER, JR., Judge.

. Deoxyribonucleic acid.

. Because we find the evidence was irrelevant, we need not address Alvarez’s argument that the danger of unfair prejudice and misleading the jury did not substantially outweigh its probative value under Rule 403, Ariz. R. Evid. Moreover, lacking relevance, its exclusion did not violate Alvarez’s Due Process right to present a defense under the United States and Arizona constitutions. See State v. Abdi, 226 Ariz. 361, ¶ 32, 248 P.3d 209, 216 (App.2011) (right to present defense "subject to evidentiaiy rules,” limited to relevant evidence).

. Alvarez cites no authority nor do we find any supporting the proposition that he "should be excused” from objecting to the restitution order "because []he was surprised at the imposition of restitution.” Instead we will follow the Arizona Rules of Evidence and Arizona cases requiring a timely and specific objection to any error. See Ariz. R. Evid. 103(a)(1); Lopez, 217 Ariz. 433, ¶4, 175 P.3d at 683.